FRANCES BELL, Appellant, *v.* J. GRANT HYDE, Respondent.

Third Department, July 2, 1941.

*Frederick C. Filley* [*William C. MacMillen* and *Marcus L. Filley* of counsel], for the appellant.

*John P. Weatherwax* [*James M. Strang* of counsel], for the respondent.

SCHENCK, J. This is an appeal from a Rensselaer County Court judgment upon a jury's verdict of no cause of action. The

action was upon contract, the plaintiff appearing as her only witness and no witnesses appearing for defendant.

Plaintiff lived at defendant's home, caring for her sister, who was defendant's wife, until the latter's death. Thereafter, she continued to live in defendant's home, doing general housework. Plaintiff contends that there was an implied contract entered upon by defendant to pay her for services rendered. After listening to her testimony on direct and cross-examination, however, the jury brought in the verdict above mentioned.

The judgment entered upon said verdict should be affirmed. Even though no witnesses were offered by defendant to contradict plaintiff, the case was properly submitted to the jury. Furthermore, it is an established principle that the testimony of an interested witness may or may not be accepted and believed by a jury. The credibility of such a witness is always subject to examination and determination by the jury. (*Gordon* v. *Ashley*, 191 N. Y. 186; *Saranac & Lake Placid R. R. Co.* v. *Arnold*, 167 id. 368.)

In the instant case the surrounding circumstances, as shown both by plaintiff's direct and cross-examination, indicated strongly that there was no contract. Defendant never agreed to make payment to plaintiff even upon direct request by her. Plaintiff never received anything from him and yet continued to live in his home for five years. Furthermore, during a seven- or eight-month period, plaintiff was employed outside of defendant's home. In addition, for a considerable period of time, plaintiff's brother lived with her in defendant's house and paid to plaintiff five dollars from time to time, paying nothing to defendant. Finally, plaintiff testified that defendant had told her that her deceased sister desired defendant to give plaintiff a home. This would also tend to dispel the implied contract theory as it afforded a basis for plaintiff to live in defendant's house in a position other than that of servant.

Accordingly, it seems clear that there was ample evidence in plaintiff's own testimony to show that no contract was involved herein.

The judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Judgment affirmed, with costs.