Burke, J.
A proceeding was brought by the executors of the last will and testament of the decedent seeking a determination as to the validity of a waiver and release of the appellant’s right of election to take against his deceased wife’s will.
The Surrogate directed the clerk of the court to take and report the testimony. The record reveals that the clerk during the taking of the testimony ruled on more than 60 objections *621 and at times personally interrogated the witnesses. An extended analysis of the testimony would serve no useful purpose, as we have allowed this appeal to consider solely the legal questions raised by appellant.
In the Surrogate’s Court, appellant claimed that he had shown that the execution of the waiver was secured by the fraud and misrepresentation of the decedent and that thereafter respondent executors who had the burden of going forward with the proof failed to do so.
The Surrogate upon the testimony reported to him decided that the execution of the waiver had not been induced by any actual or constructive fraud practiced by the decedent. Having thus determined the waiver and release to be valid, the Surrogate for reasons not pertinent to the issue before him formulated an unprecedented rule in holding that the legal consequences of the signing of an instrument cannot be avoided where the relationship of husband and wife exists, by a plea that the party did not know the contents of the paper, unless the relationship is one of an ‘ ‘ average husband and wife ’ ’.
The written decision and decree adjudging the waiver of right of election by the appellant to be valid and a bar to appellant’s assertion of the right of election were made more than a year after the taking of the testimony had been completed. The Appellate Division unanimously affirmed.
It is now claimed by the appellant that the Surrogate did not have statutory authority to direct the clerk to take and report testimony in the proceeding (Surrogate’s Ct. Act, § 32, subd. 10) and, if that procedure is found to be authorized by the statute, the statute is unconstitutional as an unlawful delegation of judicial power (N. T. Const., art. VI, § 13); and that the Surrogate improperly held that the appellant had the burden of proof and refused to apply the rule of constructive fraud; and finally that the alleged fraud and misrepresentation of the decedent attending the execution of the waiver had been clearly established.
The question of improper delegation of judicial authority was not raised by the appellant until the problem was posed in the opinion of the Appellate Division after the argument of the appeal and prior to the reargument of the appeal in that court.
Considering the claims in the reverse order in which they have been stated, we deal first with the appellant’s contention *622 that the evidence in the record establishes the misrepresentation and deceit of the decedent.
The question of fraud and misrepresentation allegedly perpetrated by the decedent was one of fact. The finding of fact of the trial court has been unanimously affirmed by the Appellate Division. The finding of fact in this case is supported not only by the presence of evidence to support the finding of fact, i.e., the waiver itself, admittedly executed by the appellant, but likewise by the absence of worthy evidence of overreaching. (See Matter of Phillips, 293 N. Y. 483, 491.) The sole testimony which relates to the alleged deceit of the decedent was adduced by the attorney for the appellant and permitted by the clerk without specific objection by the attorney for the respondent. Earlier on the direct examination of the appellant, the attorney for the respondents objected to similar questions on the ground that the appellant witness should not be allowed to testify to conversations with the decedent. These objections were sustained (Civ. Prac. Act, § 347).
Although the appellant has testified without objection to an alleged misrepresentation made to him by the decedent at the time of the execution of the waiver, we cannot say the Surrogate was in error in attaching little weight to the testimony of the appellant, an interested witness, thus finding the evidence of deceit insufficient as a matter of fact. Apart from this testimony, there is nothing in the record to impart verisimilitude to the contention of the appellant that he was defrauded. Appellant’s argument at best amounts to a charge that the finding is against the weight of the evidence. That issue is one of fact and the trier of the fact is free to disbelieve uncontroverted testimony. (New York Bankers v. Duncan, 257 N. Y. 160.)
The conclusions stated in the decision of the Surrogate as to the burden of proof were surplusage and consequently should be treated as dictum. The Appellate Division has correctly defined the proof requisite to prove prima facie fraud when it is present in transactions taking place between husband and wife.
We do not review the so-called improper delegation of judicial authority because there has been a waiver by acquiescence by the appellant in his participation in all the proceedings in the Surrogate’s Court and on the original appeal without demurrer. (Matter of Wolf v. Assessors of Town of Hanover, *623 308 N. Y. 416.) The conduct of the appellant during the taking of the testimony was not passive or erroneous but active and knowledgeable conduct.
The record discloses that the attorney for the appellant was the first to call upon the clerk to pass on questions of admissibility of evidence. Thereafter the attorney for the appellant successfully brought about the admission as well as the exclusion of testimony over the objection of the attorney for the respondent. It does not appear that any testimony was excluded which was necessary for a determination of the contested issues. Moreover, the testimony which was excluded in no way prejudiced the appellant. The sole testimony admitted over appellant’s objection which was of a prejudicial nature was testimony concerning the arrests of the appellant. The testimony as to the arrests was permitted not on the issue of credibility but for the purpose of establishing a reason for the alleged hostility of the family of the decedent. As this record was submitted to a Surrogate, presiding without a jury, the errors in taking the testimony may be disregarded (Civ. Prac. Act, § 106; Hutton v. Smith, 175 N. Y. 375). Such action is warranted, particularly in this case where the appellant did not take advantage of his privilege to object to the Surrogate concerning the manner in which the testimony was taken, although the matter was under consideration for more than a year.
The Surrogate had the power under the statute to direct the clerk to take and report the testimony in the proceeding. If the clerk exceeded his power or the scope of the reference, appellant, as an active participant in soliciting and encouraging the acts of the clerk, may not challenge the propriety of the acts now.
Therefore, believing as we do that the appellant consented to the procedures pursued by the clerk and the attorneys, not only by the appearance at the hearing, but also affirmatively, by conduct during the hearing, and before and after the decision, and on the appeal to the Appellate Division, we do not reach the question of an improper delegation of judicial authority by the Surrogate in contested proceedings, nor the underlying constitutional question, and accordingly we do not consider them.
The order of the Appellate Division should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.