Louis B. Heller, J.
In this slander and libel action defendant moves for an order pursuant to rule 103 of the Rules of Civil Practice, striking out paragraphs of the complaint numbered “TWENTY-SIXTH”, “thirty-fourth”, “ FORTY-SECOND ”, “FIFTIETH ”, “ fifty-eighth ” and “ sixty-sixth ”, as being irrelevant, redundant, repetitious and unnecessary, and pursuant to rule 102 of the Rules of Civil Practice directing that the complaint be made more definite and certain by stating the date when and the place where the alleged slanders set forth in para-
*1085 graphs of the complaint numbered “seventh”, “ eleventh ” “ FIFTEENTH ”, “ NINETEENTH ” and “ TWENTY-THIRD ” Were made, and pursuant to rule 106 of the Buies of Civil Practice dismissing the twelfth canse of action on the ground that it fails to state facts sufficient to constitute a cause of action.
With respect to the first phase of this multiple motion under rule 103 of the Rules of Civil Practice, it appears that the first six causes of action allege a separate slander in each cause of action. The paragraphs of the complaint under attack are contained in the causes of action numbered “seventh” to “ twelfth ”, respectively. Each of these causes of action allege a cause of action for libel and is preceded by one of the aforementioned paragraphs which repeats, reiterates and realleges all of the allegations and paragraphs contained in each of the causes of action for slander.
While it is true that courts are reluctant to strike out alleged irrelevant and redundant matter in a pleading, such allegations are stricken out, however, where' they have no substantial relation to the controversy between the parties to the suit and cannot affect the result (Kolb v. Mortimer, 135 App. Div. 542). One of the tests upon which the relevancy of an allegation of a pleading may be determined is whether proof of such allegation would he admissible on the trial. If not, it is irrelevant and should be stricken out (Newton v. Livingston County Trust Co., 231 App, Div. 355, 361).
Testing the challenged paragraphs by the standards laid down in the above eases, it seems clear that none of the causes of action for slander has any relationship to the causes of action for libel in which they are repeated and realleged. They are irrelevant, redundant and unnecessary to the causes of action wherein they are set forth and not only will they confuse the issues hut are highly prejudicial to the defendant. Accordingly, the motion under rule 103 of the Rules of Civil Practice is granted.
As to that aspect of the motion relating to rule 102 of the Buies of Civil Practice requiring the plaintiff to specifically state the time and place of the slanders, the court after reading the contents of the examination before trial of the defendant is of the opinion that only a portion of this motion should he granted. The defendant in his examination admitted that he made the alleged statements but was unable to fix the exact time, placing the period between the dates set forth in the complaint, Under the circumstances one cannot require the plaintiff to fix the date with specific certainty where the defendant who uttered the statements cannot do so. The cases cited by the defendant are inapposite and clearly distinguishable in fact. *1086 They were either allegations of a number of slanders on different dates or no time or place was alleged at all.
In the instant situation, plaintiff alleged one slander during a specified time. The defendant, however, is entitled to compel the plaintiff to state more definitely the place of occurrence (Kaplan v. K. Ginsburg, Inc., 8 Misc 2d 724; Szwarce v. Buenaventura, 82 N. Y. S. 2d 292).
The twelfth cause of action is dismissed as failing to state facts sufficient to constitute a cause of action. In this cause of action, plaintiff alleges ‘ ‘ that on or about the 30th day of June, 1960, the defendant caused to be deposited in the United States mails, a letter addressed to the Department of Labor, Division of Employment of the State of New York, which informed the Department of Labor that Jack Karash (meaning the plaintiff herein) was charged with misappropriating merchandise and money belonging to the defendant in excess of $5,000. ’ ’
It is elementary that in an action for libel and slander the exact words used must be set forth in the complaint and such a deficiency cannot be saved by invoking the statutory rule of a liberal construction or on the theory that in such a motion to dismiss all the facts are admitted as alleged and such inferences as can be drawn from them. A complaint that fails to set forth the exact words of a libel is bad and dismissible (Locke v. Benton & Bowles, Inc., 253 App. Div. 369; Potash v. Sacks, 282 App. Div. 962; Ginsberg v. Farmers Nat. Bank of Hudson, 20 Misc 2d 874).
Accordingly, the three-pronged attack to the complaint is granted as indicated and plaintiff, if so advised, is given leave to serve an amended complaint within 20 days after the service upon him of a copy of the order to be entered herein with notice of entry.