■ SIDNEY LANDERS et al., Appellants, v AUTOMATIC IRRIGATION DESIGN, DIVISION OF STEWART SENTER, INC., et al., Respondents.—Order of the Supreme Court, Suffolk County, dated June 22, 1978, affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Gerard at Special Term. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.

■ AMELIA LUCCI, Petitioner, v PAT RAVO, as Manager of the City of Yonkers, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent city manager, dated September 25, 1978, which, after a hearing, found that petitioner had participated in an illegal strike and deducted from the petitioner's salary six days' pay. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. (see *Mynarski v Ravo,* 72 AD2d 741.) Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.

■ M. S. S. SERVICE STATIONS, INC., Respondent, v CHRISTOPHER STEELE, Appellant.—Judgment of the Supreme Court, Nassau County, entered September 1, 1977, affirmed, with costs, on the opinion of Mr. Justice Pantano at Trial Term. Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.

■ MARIANNE MAHER, Appellant, v JAMES MAHER, Respondent.—Order of the Supreme Court, Suffolk County, dated August 21, 1978, affirmed, without costs or disbursements (see *Rado v Rado,* 51 AD2d 811). Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.

■ ARNOLD N. MAHLER, Appellant, v BRENDA MAHLER, Respondent.— In a proceeding for visitation of minors under article 6 of the Family Court Act, petitioner appeals from an order of the Family Court, Suffolk County, entered December 1, 1978, which, *inter alia,* stated that, as to visitation with the petitioner, the wishes of the children were to be respected at all times. Order modified, on the law and the facts, by deleting therefrom the phrase "and the wishes of the children are to be respected at all times". As so modified, order affirmed, without costs or disbursements. Language which represents an effort by the court to strike a balance between competing interests and needs may not be used by one of the parties to defeat the visitation rights granted. In the instant case, the wife has apparently deployed the language of this order, which requires that as to visitation by the petitioner father the wishes of the children be respected at all times, as the means to deprive him of any visitation. Petitioner has seen his children only four times since December, 1977 and not at all in the 10 months since the entry of the order granting him visitation. Visitation with the petitioner should not have been conditioned on the wishes of the children. It tends unnecessarily to defeat the right of visitation (see *Eylman v Eylman,* 23 AD2d 495). Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.