■ JOHN MYNARSKI, Petitioner, v PAT RAVO, as Manager of the City of Yonkers, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent city manager, dated September 25, 1978, which, after a hearing, found that petitioner had engaged in an illegal strike and deducted from the petitioner's salary six days' pay. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The petitioner, at the hearing, did not produce evidence to overcome the presumption that an illegal strike had occurred on the days in question (see Civil Service Law, § 210, subd 2, par [b]). His proof was, instead, directed toward his claim that he was ill on those days. He produced a note from his doctor that he was suffering from illness on such days and he testified that he was ill on such days. No evidence was produced by the respondents to contradict that evidence. However, the hearing examiner found that the petitioner had not overcome by a preponderance of the credible evidence the presumption that he had engaged in an illegal strike. We cannot say that the finding is not supported by the record. The doctor's note was clearly hearsay and, although the petitioner's testimony was not controverted, the hearing examiner was free not to accept it as credible (see *Matter of Nowakowski,* 2 NY2d 618, 622; *New York Bankers v Duncan,* 257 NY 160, 165; *Bell v Hyde,* 262 App Div 408, 409). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.