OPINION OF THE COURT
Harold W. Katz, J.
The parties were married in a civil ceremony in Denver, Colorado on December 18, 1970. At the time of marriage both parties were of the Catholic faith although said Jeffrey B. was reared in a Presbyterian-Baptist home.
There are two children of the marriage, namely: Jacob B., born July 20,1971, now 9 years of age and Jody B., born February 27, 1973, now 7 years of. age. Both children were born in Glens Falls, New York.
The parties separated in October, 1977 and were divorced on August 17, 1978 in an action in which Margaret B. was the plaintiff and Jeffrey B. the defendant. Said judgment of divorce awards custody of the two children to their mother, Margaret B. and awards reasonable rights of visitation to their father, Jeffrey B. Said provision *609 concerning visitation has been amended at various times by agreement of the parties. The most recent order of this court dated January 15, 1980 establishes specific and detailed visitation rights and privileges.
Prior to the divorce of the parties, said Jeffrey B. joined the church known as Jehovah’s Witnesses and Margaret B. subsequently joined her husband in observing the same religion although she did not attend church assemblies with any regularity.
After the divorce of the parties, said Jeffrey B. continued his church activities and became a greater participant in such and is now a teacher in the church school.
Since their divorce the parties have returned to court on various occasions as a result of their continuing disagreements over various aspects of their relationship. The instant matter is the result of a petition filed in this court by said Jeffrey B. alleging that Margaret B. has willfully denied him the visitation rights established by the order of January 15, 1980.
. Said Margaret B. denies having violated the provisions of said order and asserts that the said Jeffrey B. has used the period of visitation to afford him an opportunity to instruct the children in the Jehovah’s Witnesses beliefs and dogma and to involve them in church activities contrary to her wishes and to the general well-being of the children and their best interests.
The court has appointed a Law Guardian to represent the children. He has served his clients with dedication and distinction. The court commends him for his excellent written reports and participation in these proceedings.
The court, with their consent, has also had the parties and children examined and evaluated at the community mental health center.
Neither party disputes the parenting abilities of the other to any great degree except as to the major issue hereinafter set forth. Both parents have good homes and are devoted to their children. Margaret B. has remained a single parent. Since this present proceeding was initiated, Jeffrey B. remarried on October 25, 1980 and his present *610 wife actively practices the beliefs of the Jehovah’s Witnesses with him.
The real issue before this court appears to be the conflict of the religious doctrines of the parents and the affect upon the physical, mental and emotional well-being of the two young children.
The record reveals that these two young children do not wish to participate in the religion of their father. They do not wish to engage in bible studies or attend the religious conventions or assemblies of the Jehovah’s Witnesses. Although the wishes of children are not the controlling bases for determining visitation or custody (Mahler v Mahler, 72 AD2d 739) their express wishes are a factor to be considered by the court (Hambelton v Palmer, 27 AD2d 978).
In determining the best interests of these two children the court has also considered many other factors.
The custodial parent is Catholic and is rearing the children in this religion. She and the children actively participate in and attend religious services together on a regular basis and the children receive and accept training in the church school. There is clear precedent in case law that the custodial parent is the recognized and proper regulator of a child’s religion and the courts will not generally interfere unless mandated by a clear need to protect the child (1113 Zett-Edmonds-Schwartz, NY Civ Prac, § 40.03, subd [1], par [d]; Robert O. v Judy E., 90 Misc 2d 439; Matter of Romano v Romano, 54 Misc 2d 969). With regard to visitation, “the custodial parent’s choice of religion would prevail over the other parent’s choice” (Robert O. v Judy E., supra, p 440; Matter of Romano v Romano, supra, p 973).
Jeffrey B. has inferred that this court lacks the jurisdiction to interfere with his rights as a father to direct his children’s religious education and training and it would invade his constitutional rights contrary to the freedom of religion and separation of church and State clauses of the Federal and New York State Constitutions if the court does so.
Having the custodial parent determine the religious up *611 bringing of a child is necessary in order to limit the conflict and trauma on said child. In the present matter, these children are emotionally strained and torn as a result of the conflict of religious beliefs of their parents. It has been difficult for the children to reconcile the teachings of the Catholic Church with that of the Jehovah’s Witnesses. The best interests of these children dictate that they be subject to being reared in only one religion. Since the parents are unable to agree on the subject, this court must make a determination which is in the children’s best interest. As they grow and develop they may do as did their father and change their choice of religion or choose none at all, but it is clearly evident from the proof herein, they are being emotionally and physically strained as a result of the conflict of their parents’ religious beliefs.
Based upon the record herein, this court finds that there has been no violation by Margaret B. of either the terms or intent of its order of January 15, 1980.
In light of the strained relationship between the parties as evidenced by the many proceedings in this and other courts and the decision in this proceeding, the order of this court of January 15, 1980 shall be and hereby is modified and amended by adding the following decretal provision: “Ordered, that said respondent/father shall refrain from instructing said children in the teachings of the Jehovah’s Witnesses and shall also refrain from taking said children to any assemblies, meetings, conventions, religious services or other social or religious activities of the Jehovah’s Witnesses during his periods of custodial visitation.”