THIRD DEPARTMENT, APRIL, 1992

(April 2, 1992)

■ THOMAS A. PARKIN et al., Respondents, v CORNELL UNIVERSITY, INC. et al., Appellants.—Harvey, J. Appeals, upon remittal from the Court of Appeals, (1) from a judgment of the Supreme Court (Ellison, J.), entered June 16, 1989 in Tompkins County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered June 19, 1989 in Tompkins County, which denied defendants' motion to set aside the verdict.

When this matter was previously before us (164 AD2d 240), this court reversed a jury verdict awarding damages to plaintiffs for false arrest, malicious prosecution and abuse of process, and dismissed the complaint. The essential basis for these claims was plaintiffs' allegation that defendant Cornell University, Inc., their employer, had falsely accused them of stealing envelopes from work, possibly in retaliation for plaintiffs' union activities. This court found as a matter of law that probable cause existed for the charges brought against plaintiffs. On appeal, the Court of Appeals reversed and remitted the matter to us for consideration of the remaining issues raised by the parties, but not previously reviewed in this action (78 NY2d 523). A discussion of these issues follows.

Initially, we reject defendants' contention that the jury's verdict finding defendants not liable on the libel and slander causes of action but liable on the malicious prosecution, abuse of process and false arrest causes of action was internally inconsistent and improper *(see, e.g., Carefree Bldg. Prods. v Belina,* 169 AD2d 956; *Oakley v City of Rochester,* 71 AD2d 15, *affd* 51 NY2d 908). Our examination of the jury verdict sheet and relevant testimony reveals that there was a perfectly valid line of reasoning that would allow the jury to find as it did without being logically inconsistent. We also disagree with defendants' assertion that Supreme Court's failure to instruct the jury to itemize their compensatory damages pursuant to CPLR 4111 (f) constitutes reversible error in this instance. Based on their testimony, plaintiffs suffered no substantial financial losses such as lost wages, benefits or medical fees, and the jury's award was obviously meant to compensate plaintiffs for mental pain and suffering. Accordingly, the failure to itemize their damages in this instance was inconsequential.

Next, we turn to defendants' argument that Supreme Court committed reversible error by failing to instruct the jury on the "complicity rule" which "results in employer liability for punitive damages only when a superior officer in the course of employment orders, participates in, or ratifies outrageous conduct" *(Loughry v Lincoln First Bank,* 67 NY2d 369, 378). Again, we disagree. As pointed out by plaintiffs, defendants failed to make a request or objection that would have reasonably alerted Supreme Court that "further instruction regarding a predicate for punitive damages" *(supra,* at 379) against Cornell was needed. Unlike the very specific objection articulated by counsel in *Loughry v Lincoln First Bank (supra),* here, following the court's jury charge, defense counsel merely objected to the jury verdict sheet, noting that, particularly with respect to the libel and slander claims where no liability was ultimately found, no distinction was made by Supreme Court with respect to defendants. Regarding the charge as to punitive damages, defense counsel only registered a general objection. In any event, our review of the record reveals that any error with respect to the charge was rendered harmless by the proof in the case. There was convincing testimony at trial that "superior officers" (including the named managerial defendants) who held a "high level of general managerial authority" and whose acts could be equated with participation by Cornell *(id.,* at 380) were aware from the beginning of the situation involving plaintiffs and played a major role in shap-

ing the investigation and bringing the charges against plaintiffs. Consequently, it cannot be said that the jury's award of punitive damages against Cornell went against the proof.

Finally, we agree with defendants that the awards of $100,000 in compensatory damages and $100,000 in punitive damages awarded to each plaintiff were so excessive that they "deviate[d] materially from what would be reasonable compensation" (CPLR 5501 [c]). Considering the facts and circumstances of this case, we find that the compensatory damage award for each plaintiff must be reduced to $10,000 and the punitive damage award must also be reduced to $10,000 (see, Perry v City of New York, 115 AD2d 376; Loeb v Teitelbaum, 77 AD2d 92, 105-106, amended 80 AD2d 838; see also, Pantazis v Bleau Towing Serv., 145 AD2d 816, 817). Here, plaintiffs suffered almost no financial losses since their back pay and benefits were reinstated and no medical bills were incurred. Further, although there is no question from plaintiffs' evidence that they suffered teasing and embarrassment as a result of defendants' actions, it must be remembered that plaintiffs' contact with the criminal justice system was brief and a great amount of their alleged humiliation resulted from plaintiffs' (and their union's) admitted instigation and encouragement of media coverage. As for punitive damages, it is imperative that such an award bear a reasonable relationship to defendants' culpability (see, Heller v Ingber, 134 AD2d 733, 735). While the jury was permitted to infer from the proof that defendants acted from an improper and reckless or malicious motive, these factors still do not justify the exorbitant award by the jury which was obviously motivated by passion (see, Feldman v Town of Bethel, 106 AD2d 695, 698). The jury was allowed to speculate as to much of the evidence indicating that the charges were filed because of plaintiffs' union activities. Although there was some evidence from which the jury could have inferred reprisals for union activities, plaintiffs' self-serving statements combined with gratuitous references to Cornell's wealth created an unwarranted hostile attitude toward defendants. It should be noted that defendants were extremely careful to prevent undue publicity. The publicity was initiated by the union with plaintiffs' consent.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is modified, on the law and the facts, and a new trial ordered only with respect to the issue of damages awarded to plaintiffs for compensatory and punitive damages unless, within 20 days after service of a copy of the

order herein, each plaintiff stipulates to reduce the verdict for compensatory damages to $10,000 and punitive damages to $10,000, in which event the judgment, as so reduced, is affirmed, without costs. Ordered that the order is affirmed, without costs.