■ EVAN ROSSIGNOL, Respondent-Appellant, v EDWARD T. SILVERNAIL et al., Appellants-Respondents.—Mahoney, J. (1) Cross appeals from an order of the Supreme Court (Cobb, J.), entered March 4, 1991 in Columbia County, which granted defendants' motion to set aside the verdict rendered in favor of plaintiffs, and granted a new trial unless plaintiff stipulates to a decreased verdict, and (2) appeal from a judgment of said court, entered September 16, 1991 in Columbia County, which reduced the damages in accordance with said stipulation.

In accord with our prior decision (146 AD2d 907), a new trial was held on the defamation claims in this longstanding dispute arising out of the separation and ultimate divorce of defendant Edward T. Silvernail (hereinafter Edward) and his then wife, Helena. As is more fully set forth therein, during the marriage Helena evidently became involved with plaintiff, a pharmacist and co-worker at the nursing home where she was employed. She left the marital residence in 1982, taking the couple's children with her, and pursued her relationship with plaintiff. Shortly thereafter, and continuing over the ensuing 2½ years, Edward and his mother, defendant Evelyn J. Silvernail (hereinafter Evelyn), made numerous accusations that plaintiff was physically and sexually abusing one of the children. These accusations, which ultimately were determined to be baseless, were communicated to State and local social services agencies and to plaintiff's employer, and prompted numerous investigations. In addition, Edward initiated a complaint with the State Education Department, Office of Professional Discipline contending that plaintiff was diverting drugs from the nursing home and using injectable syringes upon the children. These accusations likewise proved to be unfounded.

At the close of the evidence, the jury concluded that both defendants, in sum or substance, uttered the particular slanderous statements alleged and, with respect to certain slanderous statements made during a meeting at the Columbia County Department of Social Services regarding plaintiff's purported acts of child abuse, that they were not made in good faith so as to come within the immunity provisions of Social Services Law § 419. The jury awarded plaintiff $800,000 in compensatory damages and $75,000 in punitive damages. Upon motion, Supreme Court reduced the two awards to $85,000 and $15,000, respectively. Both parties appeal.

Initially, we reject defendant's argument that the evidence submitted was insufficient to support the verdict. The basis of this claim is that certain of the slanderous statements proved at trial and the dates on which they occurred varied from those alleged in the complaint. While CPLR 3016 (a) requires that "the particular words complained of shall be set forth in the complaint", case law has held that proof at trial is sufficient if it establishes the words pleaded or the substance thereof (see, 2 Seelman, Law of Libel and Slander in New York ¶ 96 [1964 rev ed]; see also, Olmstead v Brown, 12 Barb 657; Olmstead v Miller, 1 Wend 506; Miller v Holmes, 61 Jones & Sp 245; cf., Enos v Enos, 135 NY 609; Coleman v

*Pleystead,* 40 NY 341). Here, while the witnesses were not able to give a verbatim recitation of the slanderous quotations recited in the complaint, the language proved clearly embraced that alleged without material variation. As regards defendants' contention that plaintiff's failure to prove the slanderous remarks alleged in the fifth cause of action occurred on the precise dates recited in the complaint, while neither defendant who uttered the remarks nor the State personnel to whom they were communicated recalled the precise dates *(cf., Karash v Kolatch,* 30 Misc 2d 1084, 1085), it was clear that the remarks did occur on three separate occasions as alleged and close in time to the period set forth in the complaint. As such, defendants suffered no undue prejudice.

In situations as this where the slanderous words or dates proved are not identical to those alleged in the complaint but sufficiently analogous as to cause no undue prejudice, the most cautious course of action is for the plaintiff to move at the close of the evidence for an order pursuant to CPLR 3025 (c) conforming the pleadings to the proof *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3016:2, at 66). Because the clear import of the slander and the dates thereof were proved herein and no prejudice to defendants is alleged or is apparent, we exercise our authority, *sua sponte,* to grant this amendatory relief *(cf.,* CPLR 3026).

Nor are we persuaded that Supreme Court abused its discretion in reducing the verdict or that, as reduced, it is excessive or against the weight of the evidence. As regards the compensatory damages award, while the proof failed to establish the presence of substantial injury so as to justify the jury's original $800,000 award (plaintiff has been able to maintain continuous employment in his profession and is not suffering from any traumatic medically corroborated physical or psychological conditions attributable thereto), the record does support the presence of injury commensurate with the court's reduced award. Plaintiff was the victim of a 2½-year ordeal orchestrated by defendants during which time his professional and personal integrity were called into question. He was labeled a child abuser—one of the most loathsome labels in society—and accused of having sexual intercourse with and performing deviate sexual acts upon a four-year-old child in addition to beating her and indiscriminately injecting her with needles. The physical and psychological ramifications attendant to his addressing, defending and dealing with these baseless accusa-

tions are well established in the record, as is the fact that such charges are difficult to escape, especially in the small community where plaintiff lives and practices his profession. Likewise, we believe that considering the record as a whole the punitive damages award and the reduced amount thereof are consistent with the weight of the evidence and reasonably related to defendants' culpability (cf., Parkin v Cornell Univ., 182 AD2d 850). Notwithstanding defendants' protestations to the contrary, their persistent unfounded accusations of child abuse belie their claims that their actions were simply those of a concerned parent and grandparent.

We have examined defendants' remaining contentions and find them to be without merit. The alleged tape recording of the February 1984 meeting among the parties and local social services personnel was properly excluded as Supreme Court, upon conducting an in camera examination, found that it contained confidential information regarding reports of child abuse (Social Services Law § 422 [4] [A] [e]), which information it had previously ruled inadmissible. Nor do we find that the jury's conclusion that defendants did not act in good faith in making the child abuse complaints so as to be entitled to the qualified privilege set forth in Social Services Law § 419 to be against the weight of the evidence. Certain of the statements made by Evelyn to plaintiff's employer and to various State personnel, accompanied by the lack of medical corroboration for most of the alleged physical and sexual abuse, provide ample evidence to support the jury's conclusion (see, e.g., Nicastro v Park, 113 AD2d 129, 134-135; cf., Dutcher v Fetcher, 183 AD2d 1052). Finally, defendants' argument that statements made to personnel at the State Office of Professional Discipline are qualifiedly privileged has not been properly preserved for review.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order and judgment are affirmed, without costs.