■ KINSEY L. BENSON et al., Respondents-Appellants, v SYNTEX LABORATORIES, INC., et al., Appellants-Respondents. (Appeal No. 1.) [672 NYS2d 191] —Judgment unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs and new trial granted on future damages and punitive damages only in accordance with the following Memorandum: This action was brought on behalf of twin sisters, now adults, who had interrupted growth and development as a result of consuming a defective baby formula known as Neo-Mull-Soy. They consumed the formula from November 1978 until the product's recall in August 1979 and allegedly have permanent intellectual and emotional disabilities as a result of malnourishment. Defendants manufactured and distributed the Neo-Mull-Soy. Following a trial, the jury returned a verdict finding defendants liable for manufacturing and distributing the formula, and awarded each plaintiff $259,375 for past pain and suffering. The jury additionally awarded each plaintiff $2,500,000 in punitive damages on the theory that defendants were guilty of reckless and wanton conduct in manufacturing and distributing the formula, representing that it was safe and nutritious, and failing to recall it earlier. The jury awarded plaintiffs no damages for future medical expenses, loss of earnings, or pain and suffering.

On appeal, defendants raise several challenges to the punitive damages award, only one of which we need address at length. Supreme Court erred in failing to instruct the jury properly concerning the corporate complicity doctrine (*see generally, Loughry v Lincoln First Bank*, 67 NY2d 369, 378-380).

In particular, the court erred in failing to instruct the jury that, as a predicate for awarding punitive damages against defendant corporations, the jury had to find that superior officers of the corporations, acting in the course of their employment, authorized, participated in, consented to, or ratified the misconduct (*see, Loughry v Lincoln First Bank, supra,* at 378; *Harrell v Champlain Enters.,* 222 AD2d 876, 876-877; *James v Eber Bros. Wine & Liq. Corp.,* 153 AD2d 329, 332, *lv denied* 75 NY2d 711, *rearg dismissed* 76 NY2d 876; *O'Donnell v K-Mart Corp.,* 100 AD2d 488, 491). The court also erred in failing to instruct the jury on the factors to consider in determining whether an actor is a "superior officer" of the corporation (*Loughry v Lincoln First Bank, supra,* at 380-381). Here, as in *Loughry,* the court instructed the jury that punitive damages could be assessed against the corporate employer based on the same standards and conduct as those supporting the award of compensatory damages (*see, Loughry v Lincoln First Bank, supra,* at 379). The jury was thereby erroneously instructed to assess punitive damages based on principles of respondeat superior rather than corporate complicity (*cf., Loughry v Lincoln First Bank, supra,* at 378-379; *Parkin v Cornell Univ.,* 182 AD2d 850, 851, *lv dismissed* 80 NY2d 914; *Nelson v Times Sq. Stores Corp.,* 110 AD2d 691, *appeal dismissed* 67 NY2d 645).

Defendants preserved the error for our review by specifically requesting a charge in accordance with the *Loughry* rule and by objecting to the court's failure so to charge (*cf., Parkin v Cornell Univ., supra,* at 851; *Nelson v Times Sq. Stores Corp., supra,* at 691). As a result of the error, we vacate the award of punitive damages and grant a new trial on that issue.

With respect to plaintiffs' cross appeal, we conclude that the jury verdict awarding no future damages is against the weight of the evidence. The evidence establishes that plaintiffs continue to suffer from permanent learning disabilities and behavioral problems. The evidence overwhelmingly supports the inference that such permanent intellectual and emotional difficulties are the result of plaintiffs' malnutrition during infancy, caused in turn by the chloride deficiency in the infant formula manufactured and distributed by defendants. Where, as here, the evidence so preponderates in favor of plaintiffs that the verdict could not have been rendered on any fair interpretation of the evidence, the verdict must be set aside as against the weight of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746, citing *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875, and *Delgado v Board of Educ.,* 65 AD2d

547, *affd no opn* 48 NY2d 643; *see also, Beckwith v Rute*, 235 AD2d 892, 894).

In accordance with the foregoing and in the exercise of our discretion, we remit the matter to Supreme Court for a new trial on future damages and punitive damages only. In light of our disposition, it is unnecessary to address defendants' remaining contentions on appeal. (Appeals from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Negligence.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.