■ JAMES WOOD, Respondent, v STRONG MEMORIAL HOSPITAL OF UNIVERSITY OF ROCHESTER, Appellant. (Appeal No. 1.) [709 NYS2d 779] —Judgment unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for a broken thumb he sustained when defendant's security guards forcibly removed him from an elevator at defendant, Strong Memorial Hospital of University of Rochester (Hospital). Plaintiff was a patient of the Hospital, having undergone neck fusion surgery. Despite warnings about the dangers of walking and smoking after surgery, plaintiff attempted to leave the Hospital floor to smoke a cigarette.

On appeal, defendant raises several challenges to the jury charge. We reject defendant's contention that Supreme Court erred in failing to charge the jury on the affirmative defense of justification. Competent adult hospital patients have the right to decline treatment (see, Matter of Fosmire v Nicoleau, 75 NY2d 218, 225-226). Although the State will act to prevent suicide, "merely declining medical care, even essential treatment, is not considered a suicidal act or indication of incompetence" (Matter of Fosmire v Nicoleau, supra, at 227).

The defense of justification is premised on the theory that certain conduct, while normally unlawful, may be required to prevent an even greater harm (see generally, Penal Law art 35). This is not a case, however, where plaintiff was under arrest (see, Penal Law § 35.30) or was about to commit suicide or inflict serious physical injury upon himself (see, Penal Law § 35.10 [4]). Nor is this a case where a duly licensed physician or a person acting under his direction ordered that plaintiff be restrained in order to provide treatment for him, either upon his consent or in an emergency situation (see, Penal Law § 35.10 [5]). Defendant further relies on Public Health Law § 2803-c (3) (h) in contending that the restraint was lawful. That section does not apply because the restraints were not applied by a qualified licensed nurse (see, Public Health Law § 2803-c [3] [h]).

Defendant failed to preserve for our review its challenge to the court's failure to charge the jury on the corporate complicity doctrine. That doctrine provides that, "as a predicate for awarding punitive damages against defendant corporation[ ], the jury had to find that superior officers of the corporation[ ], acting in the course of their employment, authorized, participated in, consented to, or ratified the misconduct" (Benson v Syntex Labs., 249 AD2d 904, 905; see, Loughry v Lincoln First Bank, 67 NY2d 369, 378-380). In the absence of preservation, a jury verdict will not be set aside based on an alleged error in the charge where, as here, the alleged error is not fundamental, i.e., "it is [not] so significant that the jury was prevented from fairly considering the issues at trial" (Kilburn v Acands, Inc.,

187 AD2d 988, 989; *see, Staudacher v City of Buffalo*, 155 AD2d 956). Defendant also failed to preserve for our review its challenge to the language of the charge on punitive damages, and, in any event, there was no error in the language of the charge (*see*, PJI 2:278). (Appeal from Judgment of Supreme Court, Monroe County, Polito, J.—Damages.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.