■ In the Matter of DANIEL AHERN et al., Petitioners, v STEPHEN C. JONES, as Superintendent of Syracuse City School District, et al., Respondents. [739 NYS2d 323] —CPLR article 78 proceeding transferred to this Court by order of Supreme Court, Onondaga County (Major, J.), entered October 4, 2001, seeking to annul a determination that petitioners engaged in a strike.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul the determination that they engaged in a strike in violation of Civil Service Law § 210 (1). Petitioners are teaching assistants employed by Syracuse City School District (District), who absented themselves from work on November 20, 2000 claiming personal illness. Petitioners were notified by respondent Superintendent of the District (Superintendent) of his determination that they had violated Civil Service Law § 210 (1), and petitioners filed objections pursuant to Civil Service Law § 210 (2) (g). The Superintendent determined that petitioners had raised questions of fact and appointed a Hearing Officer to conduct a hearing. Following the hearing, the Superintendent "accepted" the Hearing Officer's recommendations and sustained the penalty of a two-day loss of pay for each petitioner.

Pursuant to Civil Service Law § 210 (2) (b), "an employee

who is absent from work without permission * * * on the date or dates when a strike occurs[ ] shall be presumed to have engaged in such strike on such date or dates" (*see, Mynarski v Ravo,* 72 AD2d 741, *lv denied* 48 NY2d 611). At the hearing, petitioners had the burden to overcome the presumption that an illegal strike had occurred (*see, Mynarski v Ravo, supra*) and the presumption that they engaged in the strike (*see,* Civil Service Law § 210 [2] [g]). The Hearing Officer determined, based upon the credibility of the witnesses at the hearing, that petitioners failed to prove by a preponderance of the evidence that they did not violate the statute (*see, Mynarski v Ravo, supra*; *see generally, Van Vlack v Ternullo,* 53 NY2d 1003, 1004; *Matter of Sanford v Rockefeller,* 35 NY2d 547, 555, *appeal dismissed* 421 US 973), and we conclude that the determination that petitioners engaged in a strike in violation of Civil Service Law § 210 (1) is supported by substantial evidence (*see generally, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181-182). Present—Pigott, Jr., P.J., Pine, Hurlbutt and Lawton, JJ.