■ DAVID DOBIES, Respondent, v BERNICE BREFKA, Appellant. [846 NYS2d 669]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.), entered August 28, 2006 in Schenectady County, upon a verdict rendered in favor of plaintiff.

Suffice it to say, there is a long history of litigation between these parties and members of defendant's family (*see Dobies v Brefka*, 273 AD2d 776 [2000], *lv dismissed* 95 NY2d 931 [2000]; *Dobies v Brefka*, 263 AD2d 721 [1999]; *see also Matter of Brefka*

*v Dobies*, 271 AD2d 876 [2000], *lv denied* 95 NY2d 759 [2000]). Now before us is a defamation action emanating from defendant's accusations in 1996 that plaintiff sexually abused his then three-year-old daughter (her granddaughter). When the matter finally went to trial, two defamation causes of action were submitted to the jury. The first cause of action stems from a handwritten document authored by defendant in July 1996 detailing an alleged conversation between herself and her granddaughter in which the child purportedly made statements suggesting sexual contact between herself and her father. Notably, during this time period, plaintiff was embroiled in a bitter custody dispute with defendant's daughter. Following a hotline report and investigation, the allegations were determined to be unfounded. The second cause of action stems from defendant's November 1996 statement to a Department of Social Services caseworker that her granddaughter had disclosed to her that plaintiff had touched her, that there had been an investigation and that it was unfounded.

The jury ultimately determined that the July 1996 statement was defamatory but that the November 1996 statement was not. It awarded plaintiff $225,000 in compensatory damages, $50,000 in counsel fees as special damages, $20,000 in lost wages and $30,050 in punitive damages. Defendant's motion to set aside the verdict was denied. She now appeals.

Defendant argues that the verdict is against the weight of the evidence because she testified without contradiction that her granddaughter had indeed made the subject accusations against plaintiff and that the resulting three-page document detailing their conversation was true. However, a jury, as the sole judge of the facts, is free to weigh and discredit the testimony of any factual witness, even in the absence of direct proof contradicting such witness's version of events (*see Matter of Nowakowski*, 2 NY2d 618, 622 [1957]). Here, it is clear that the jury rejected defendant's testimony about the alleged disclosure of sexual abuse by her granddaughter, and we find no basis upon which to interfere with this credibility determination. Moreover, we find that a fair interpretation of the evidence supports the jury verdict in favor of plaintiff (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

With respect to the award of $225,000 in compensatory damages, the record reveals that, as a result of the heinous allegations leveled against him, plaintiff was permitted only supervised visitation with his children for a significant period of time and was also forced to resign from his position as a physician at a local hospital and to relocate to another community (*compare*

*Rossignol v Silvernail*, 185 AD2d 497, 499 [1992], *lv denied* 80 NY2d 760 [1992]). Given the demonstrated harm to his emotional well-being and professional reputation, the award is fairly supported by the evidence and does not deviate from what is reasonable compensation (*see* CPLR 5501 [c]; *Morsette v The Final Call*, 309 AD2d 249, 256-257 [2003], *appeal dismissed* 5 NY3d 756 [2005]). The record further reveals that plaintiff incurred $50,000 in counsel fees as a result of defendant's defamatory actions thereby justifying the special damage award in this amount.

Finally, while defendant claims that there was no proof supporting the punitive damages award, we are again unpersuaded. The jury was free to disregard defendant's self-serving testimony that she has never harbored any ill will or bad feelings toward plaintiff and instead credit that proof which suggested that she intentionally made these false accusations against him out of spite and anger over his tumultuous relationship with her daughter and his then recent success in obtaining temporary custody of her grandchildren. Charitably stated, defendant's testimony concerning her feelings toward plaintiff, a man who had reportedly sexually abused her granddaughter, was disingenuous and, thus, sufficient evidence was presented to support the award of punitive damages (*see Fregoe v Fregoe*, 33 AD3d 1182, 1184 [2006]; *compare Morsette v The Final Call*, 309 AD2d at 256-257; *Rossignol v Silvernail*, 185 AD2d at 499).

Defendant's contention that the verdict was inconsistent is unpreserved for review since the issue was not raised until after the jury was discharged (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]). Even if we were to consider the argument, we would not find the verdict inconsistent. Having reviewed and rejected defendant's remaining contentions, we affirm.

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.