State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  February 23, 2017                    519496
_____

XIAOKANG XU,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

XIOLING SHIRLEY HE,
                        Appellant.
_____

Calendar Date:  January 17, 2017

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.

_____

        Xioling Shirley He, Clifton Park, appellant pro se.

        Xiaokang Xu, Greendale, Wisconsin, respondent pro se.

_____

Mulvey, J.

        Appeals (1) from an order and judgment of the Supreme Court
(Ferradino, J.), entered May 21, 2014 and June 4, 2014 in
Saratoga County, which, upon an inquest, awarded damages to
plaintiff, and (2) from an order of said court, entered June 4,
2014 in Saratoga County, which granted plaintiff an order of
protection against defendant.

        The parties were divorced in 2005 and have been involved in
multiple actions and proceedings since.  In April 2013, plaintiff
commenced this action alleging several causes of action.  When
defendant failed to answer, Supreme Court, on plaintiff's motion,
granted plaintiff a default judgment and ordered an inquest on
damages.  After the inquest, Supreme Court awarded plaintiff
$5,000 on each of plaintiff's causes of action for libel per se,
intentional infliction of emotional distress, misuse of legal
procedure/abuse of process and violation of plaintiff's right to

privacy.  Supreme Court also awarded plaintiff $5,000 in punitive damages and $10,000 in counsel fees, and granted plaintiff a permanent injunction restraining defendant from certain actions for five years.  In a separate order, the court granted plaintiff an order of protection and full stay away order for a period of five years.  Defendant appeals.

By failing to answer the summons and complaint, defendant is deemed to have admitted "all traversable allegations in the complaint, including the basic issue of liability" (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985]) and, at an inquest, defendant is only permitted to contest the amount of damages (see D D & P Realty, Inc. v Robustiano, 68 AD3d 1496, 1497 [2009]).  Supreme Court's award of damages is subject to this Court's review on appeal to determine "whether the awards deviate materially from what would be considered reasonable compensation" (Morrisseau v State of New York, 265 AD2d 647, 648 [1999]; see CPLR 5501 [c]; Garrison v Lapine, 72 AD3d 1441, 1442 [2010]).  Since awards for any personal injuries, especially like those claimed by plaintiff, "are not subject to precise quantification, examination of comparable cases is necessary to determine whether the award materially deviated from reasonable compensation" (Nolan v Union Coll. Trust of Schenectady, N.Y., 51 AD3d 1253, 1256 [2008] [internal quotation marks and citation omitted], lv denied 11 NY3d 705 [2008]).

We find ample support for Supreme Court's assessment of damages on the causes of action for libel per se and abuse of process.  With regard to the cause of action for libel per se, plaintiff testified that he had a Ph.D. in electrical engineering, worked with computer software programs, travels as part of his job and comes into contact with similar professionals.  Plaintiff explained that the nature of his employment requires background checks and security clearances. He testified that defendant's letter to his employer, calling him an abuser, accusing him of cruel and inhuman treatment, theft of trade secrets, fraud and perjury, together with numerous online postings, resulted in damage to his professional reputation as well as public humiliation and embarrassment.  Harm to emotional well-being and professional reputation constitutes a basis for an

award of compensatory damages (see Dobies v Brefka, 45 AD3d 999, 1001 [2007]).  We find that Supreme Court's award to plaintiff of $5,000 in compensatory damages "is fairly supported by the evidence and does not deviate from what is reasonable compensation" (id. at 1001 [$225,000 award for false accusation of sexual abuse of the plaintiff's daughter]; compare Strader v Ashley, 61 AD3d 1244, 1247-1248 [2009], lv dismissed 13 NY3d 756 [2009] [$26,800 award for false accusations of criminal conduct]; Allen v CH Energy Group, Inc., 58 AD3d 1102, 1104 [2009] [award reduced to $50,000 for false accusations of improper conduct in public]; Rossignol v Silvernail, 185 AD2d 497, 498 [1992], lv denied 80 NY2d 760 [1992] [award reduced to $85,000 for slanderous statements regarding purported acts of child abuse]; Parkin v Cornell Univ., 182 AD2d 850, 852 [1992], appeal dismissed 80 NY2d 914 [1992] [award reduced to $10,000 for false accusations of stealing employer's property]).

Testimony presented with respect to the cause of action for abuse of process demonstrated that defendant initiated multiple actions and proceedings against plaintiff with the intent to relitigate issues that had previously been determined, without justification, and used the process in a perverted manner to obtain a collateral objective (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 403 [1975]; Ettienne v Hochman, 83 AD3d 888, 888 [2011]).  In so doing, plaintiff and his family were "subjected to a plethora of litigious practices" that are best deemed "frivolous and grounded in malice" (Chew Wah Bing v Sun Wei Assn., 191 AD2d 361, 362 [1993], appeal dismissed 82 NY2d 886 [1993]).  Accordingly, Supreme Court's award of $5,000 on the abuse of process cause of action should not be disturbed (compare id. at 363 [$25,000 award]).

We next turn to plaintiff's request for punitive damages which "are not to compensate the injured party but rather to punish the tortfeasor and to deter this wrongdoer and others similarly situated from indulging in the same conduct in the future" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007]).  Such an award is "permitted when the defendant's wrongdoing is not simply intentional but 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as

to imply a criminal indifference to civil obligations'" (id. at 489, quoting Walker v Sheldon, 10 NY2d 401, 405 [1961]; accord Strader v Ashley, 61 AD3d at 1248). "[S]uch an award [must] bear a reasonable relationship to [the] defendant['s] culpability" (Parkin v Cornell Univ., 182 AD2d at 852). Here, defendant has repeatedly harassed plaintiff and his family, attempted to discredit him and damage his reputation, brought numerous suits against plaintiff and his agents, employers and associates and continues to attempt to relitigate issues long since determined. As such, Supreme Court properly granted plaintiff $5,000 in punitive damages (see Strader v Ashley, 61 AD3d at 1248 [awards of $100,000, $5,000 and $12,500 for false accusations of criminal conduct]; Dobies v Brefka, 45 AD3d at 1001 [$30,500 for false accusation of sexual abuse of the plaintiff's daughter]; Heller v Ingber, 134 AD2d 733, 735 [1987] [award reduced to $10,000 for malicious prosecution]).

Supreme Court did not abuse its discretion when it granted a permanent injunction restraining defendant for five years from, among other things, contacting plaintiff's past, present and future employers and commencing any legal proceedings against plaintiff, his family and employers without first obtaining consent from Supreme Court. In order to be granted a permanent injunction, a plaintiff must establish that he or she would suffer "irreparable injury in the absence of an adequate legal remedy" (Town of Liberty Volunteer Ambulance Corp. v Catskill Regional Med. Ctr., 30 AD3d 739, 740 [2006]). In considering such an application, the court must balance the equities between the parties to determine whether the irreparable harm that a plaintiff would suffer "substantially outweighs the injury that the injunctive relief would cause to the defendant[]" (Parry v Murphy, 79 AD3d 713, 715 [2010]). The requirement imposed by Supreme Court, that defendant first seek approval of the court before commencing any further actions or proceedings involving plaintiff and others, is sufficiently narrow and balanced so as to protect any legitimate claims that defendant may have, while, at the same instance, protecting plaintiff from further vexatious actions or proceedings by defendant.

Counsel fees, which are "incidents of litigation, cannot be awarded unless authorized by statute, court rule, or agreement

between the parties" (Matter of Ernestine R., 61 AD3d 874, 876 [2009]; see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; Matter of Kaczor v Kaczor, 101 AD3d 1403, 1404 [2012]). "22 NYCRR 130-1.1, a court rule intended to limit frivolous and harassing behavior, authorizes a court, in its discretion, to award to any party or attorney in a civil action reasonable [counsel] fees resulting from conduct found to be 'frivolous'" (Matter of Ernestine R., 61 AD3d at 876 [internal citation omitted]). In several prior actions involving the parties, defendant has asserted false material statements, significantly delayed litigation, asserted positions without basis in the law and continually attempted to relitigate issues previously decided, all of which conduct could be considered frivolous. We find ample support in the record for the amount awarded for counsel fees.

However, we are compelled to vacate other awards of damages. When considering an application for a default judgment, it is incumbent upon the court to examine the proof submitted pursuant to CPLR 3215 (f) and determine whether "'a viable cause of action exists'" (State of New York v Williams, 73 AD3d 1401, 1402 [2010], lv denied 15 NY3d 709 [2010], quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]). We find that plaintiff's causes of action for intentional infliction of emotional distress and for violation of his right to privacy fail as a matter of law.

A cause of action for intentional infliction of emotional distress should not be entertained "where the conduct complained of falls well within the ambit of other traditional tort liability" (Fischer v Maloney, 43 NY2d 553, 558 [1978]; accord Sweeney v Prisoners' Legal Servs. of N.Y., 146 AD2d 1, 7 [1989], appeal dismissed 74 NY2d 842 [1989]). Here, plaintiff's complaint incorporated his libel and abuse of process allegations as the basis for this cause of action. Because damages were awarded on those causes of action, the damages awarded on the cause of action for intentional infliction of emotional distress must be vacated.

A cause of action for violation of the right to privacy under Civil Rights Law §§ 50 and 51 is "strictly limited to

nonconsensual commercial appropriations of the name, portrait or picture of a living person" (Finger v Omni Publs. Intl., 77 NY2d 138, 141 [1990]).  Absent from the proof furnished by plaintiff was any indication that defendant sought to use his name or photograph "for advertising purposes or for the purposes of trade only" (id. [internal quotation marks, emphasis and citation omitted]).  Therefore, Supreme Court should have determined that this was not a viable cause of action.  Consequently, there was no basis for an award of damages on this cause of action.

Next, defendant argues that Supreme Court erred in granting an order of protection, and we agree.  Supreme Court can properly issue an order of protection in a matrimonial action under Domestic Relations Law §§ 240, 252 (see Jennifer JJ. v Scott KK., 117 AD3d 1158, 1159 [2014]); here, no matrimonial action was pending.  Although such an order is available under Family Ct Act article 8, the pleadings do not contain allegations of conduct that would constitute one of certain enumerated family offenses (see Family Court Act § 812 [1]; Jennifer JJ. v Scott KK., 117 AD3d at 1159).

Defendant's remaining contentions have been examined and found to be lacking in merit.

Peters, P.J., McCarthy, Egan Jr. and Rose, JJ., concur.

ORDERED that the order and judgment entered May 21, 2014 and June 4, 2014 are modified, on the law, without costs, by vacating the award of damages on the causes of action for intentional infliction of emotional distress and violation of the right to privacy, and, as so modified, affirmed.

ORDERED that the order of protection entered June 4, 2014 is reversed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court