■  JOHN G. HELLMAN CO., INC., et al., Respondents-Appellants, v COUNTY OF NASSAU, Appellant-Respondent.—Order of the Supreme Court, Nassau County, dated December 15, 1977, affirmed, without costs or disbursements, on the opinion of Mr. Justice Di Paola at Special Term. Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.

■  GEORGE O. KING, Appellant, v HELEN T. KING, Respondent.—In a matrimonial action, plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Queens County, dated August 23, 1977, which, *inter alia,* awarded defendant alimony and a counsel fee. Judgment affirmed insofar as appealed from, with costs. Upon the appendix and exhibits submitted to this court, it is clear that the appellant's arguments are without merit. Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.

■  LYNDA M. ROBERTSON, Appellant-Respondent, v BRUCE I. ROBERTSON, Respondent-Appellant.—In a matrimonial action, (1) the plaintiff wife appeals from so much of a judgment of divorce of the Supreme Court, Westchester County, entered April 22, 1977, as granted custody of the parties' two children to the defendant and specified her visitation rights and (2) the defendant husband cross-appeals from so much of the same judgment as directed him to pay arrears of temporary alimony. Judgment modified, on the law and the facts, by deleting the fourth decretal paragraph thereof and substituting therefor a provision denying plaintiff recovery of arrears for temporary alimony. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Under the circumstances adduced at the trial, we believe that the court properly exercised its discretion in the award of custody and the fixation of visitation rights. We further believe that under the circumstances herein an award for arrears of temporary alimony was not justified. Damiani, J. P., O'Connor, Rabin and Gulotta, JJ., concur.

■  IRWIN RUTMAN, Appellant, v PAUL GIEDEL, Respondent.—In a defamation action, the plaintiff appeals from a judgment of the Supreme Court, Richmond County, entered March 21, 1977, which, *inter alia,* is in favor of the defendant, upon the trial court's dismissal of the complaint at the end of the entire case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The false accusation that a police officer was drunk or intoxicated while on duty is slanderous per se and requires no allegation or proof of special damages (see Ann. 53 ALR2d 8, 121; 34 NY Jur, Libel and Slander, §§ 39, 45). The single-instance rule is inapplicable. That a police officer would permit himself to be drunk while on duty shows such a lack of character as would render him unfit for his position (see *Mason v Sullivan,* 26 AD2d 115). The jury could have found that the defendant's complaint at the station house was motivated by malice. Accordingly, it was error to dismiss the complaint. Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.