■ In the Matter of EUGENE F. CLAYTON, Appellant, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF CONKLIN, BINGHAMTON, KIRKWOOD AND VESTAL, et al., Respondents.—Appeal from a

judgment of the Supreme Court at Special Term, entered June 22, 1978 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to transfer the proceeding to the Appellate Division, and to vacate respondent's determination that petitioner be dismissed from his position as a tenured school teacher. On February 19, 1974, petitioner, a tenured eighth grade music teacher, was charged with insubordination, use of excessive force upon students, and conduct unbecoming a teacher. Effective February 28, 1974, he was suspended without pay. Thereafter, pursuant to section 3020-a of the Education Law, a hearing was held as a result of which the hearing panel recommended that the charges be dismissed and that petitioner be reinstated. On August 8, 1974, the board of education refused to accept the panel's recommendation, found petitioner guilty of the three charges and dismissed him as of the original suspension date. This is the third occasion the dismissal of petitioner has been before this court. The first time was a constitutional attack on certain administrative regulations (8 NYCRR 82.10, 82.11) which this court turned down in *Hodgkins v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, Broome County* (48 AD2d 302). Thereafter, on transfer, this court annulled the determination of the board of education for lack of substantial evidence and directed the reinstatement of petitioner *(Matter of Clayton v Board of Educ.,* 49 AD2d 343, revd 41 NY2d 966). The Court of Appeals, in reversing, held that substantial evidence supported the findings of the board of education and that the board's determination should be reinstated with the exception of one charge. The Court of Appeals did not reinstate the penalty of dismissal, but remitted the matter to the Supreme Court, directing remand to the board of education for imposition of an appropriate penalty. On May 4, 1977, the board voted to dismiss petitioner. The instant article 78 proceeding was commenced to review that determination. We do not find that imposition of the penalty of dismissal is so shocking and excessive in the existing circumstances that it should be set aside. Judicial review of the penalty inflicted in a disciplinary proceeding is a narrow one *(Matter of Pell v Board of Educ.,* 34 NY2d 222). In the instant case, the Court of Appeals has found substantial evidence that, despite the warnings of superiors, petitioner used excessive force on students, committed acts of insubordination and engaged in conduct unbecoming a teacher. Petitioner's other contentions relate to matters previously litigated and, by virtue of the Court of Appeals decision, are now foreclosed by the rule of the law of the case. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.