■ In the Matter of THOMAS H. GILES, Petitioner, v SCHUYLER-CHEMUNG-TIOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. [604 NYS2d 345] —Mahoney, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung

County) to review a determination of respondent which terminated petitioner's employment.

In June 1990, respondent issued disciplinary charges against petitioner, one of its tenured automotive mechanics teachers; more specifically, 12 charges of insubordination, incompetence, conduct unbecoming a teacher and neglect of duty. Following a lengthy hearing, the Hearing Panel found petitioner guilty of three charges of conduct unbecoming a teacher, namely, his striking a student on the hands with a book, throwing a jack through a window and striking another student with a telephone receiver and one charge of insubordination in connection with petitioner's accepting into the automotive mechanics program a particular vehicle in violation of respondent's directives. By way of penalty, respondent adopted the recommendation of a majority of the Hearing Panel and dismissed petitioner from his position. This CPLR article 78 proceeding ensued.

Petitioner first contends that the findings of guilt were not supported by substantial evidence in that no firsthand testimony from the students themselves or from eyewitnesses to the other incidents was proffered and the bulk of the evidence adduced against him consisted of testimony from others which recounted petitioner's own inculpatory statements. We disagree.

It is uncontested that an admission against interest made by a party to a civil action is competent evidence against that party as an exception to the hearsay rule (see, Matter of Tremaine, 156 AD2d 862, 863; see also, Matter of MNORX, Inc. [Ross], 46 NY2d 985, 986). Even if this exception to the hearsay rule did not exist, it has long been held that hearsay is admissible in administrative hearings and may be used to support a finding of substantial evidence as long as it is "believable, relevant and probative" (Matter of Riley v Schles, 185 AD2d 437, 438; see, Matter of Stedronsky v Sobol, 175 AD2d 373, 375, lv denied 78 NY2d 864; see also, State Administrative Procedure Act § 306 [1]; Education Law § 3020-a [3] [c]).

Further, upon review of this record, we are satisfied that the evidence submitted here more than adequately satisfies the requisites of substantial evidence. Petitioner's misbehavior was established not only through his admissions against interest but also by petitioner's own admissions in his hearing testimony. It was further corroborated by introduction of a school nurse's accident report documenting the injuries sustained by the student struck by petitioner with a telephone

receiver and by a letter from the director of respondent's technical education and career center which reprimanded petitioner for taking outside work into the shop and for inadequately supervising the students who subsequently vandalized the car in question.

Finally, given respondent's broad latitude in matters of internal discipline *(see, Matter of Sarro v New York City Bd. of Educ.,* 47 NY2d 913, 914) and the plethora of precedent holding the penalty of dismissal to be appropriate in situations where a teacher has been found to have used excessive force in dealing with students under his or her care *(see, e.g., Matter of Ebner v Board of Educ.,* 42 NY2d 938; *Matter of Bott v Board of Educ.,* 41 NY2d 265; *Matter of Clayton v Board of Educ.,* 73 AD2d 765, *appeal dismissed* 49 NY2d 888, *appeal dismissed* 449 US 807; *Matter of Jerry v Board of Educ.,* 50 AD2d 149, *appeal dismissed* 39 NY2d 1057), we cannot say that the penalty of dismissal here is disproportionate to the gravity of petitioner's misconduct.

Weiss, P. J., Mercure, Cardona and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.