■ FRANK ALLEN et al., Respondents, v CH ENERGY GROUP, INC., Formerly Known as CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant. [872 NYS2d 237]—

Lahtinen, J. Appeal from an order of the Supreme Court (Work, J.), entered November 1, 2007 in Ulster County, which denied defendant's motion to, among other things, set aside a verdict in favor of plaintiffs.

Defendant argues on appeal that a jury verdict awarding $250,000 to plaintiff Frank Allen (hereinafter plaintiff) in this defamation action should be reversed because the alleged defamatory statement did not constitute defamation per se, recovery is barred by the "single instance" rule, and the record does not support the amount of damages awarded. Defendant received a phone call from a woman complaining that she had observed one of its employees defecate in public near a street in the City of Kingston, Ulster County. Plaintiff, a longtime employee of defendant, was identified as the individual and was fired. He filed a grievance, denying that he had defecated in public. He explained that, as part of the cancer treatment he was undergoing, he was taking medicine that resulted in unstable bowel conditions. To address this problem, he placed a protective layer of paper towels in his underwear and, when necessary, would change the protective layer while attempting to be out of view by positioning himself behind the rear doors of his van.

Before the hearing on the grievance, the woman who had originally complained to defendant about plaintiff retracted her

accusation, acknowledging that she had not seen him defecate, but had merely witnessed him doing what she believed was wiping himself. Despite being informed of the retraction, William Brandt, plaintiff's former supervisor, told a coworker of plaintiff that plaintiff had "defecated on the sidewalk," "we can prove it, and there wouldn't be a problem, [plaintiff] wasn't coming back." Plaintiff, however, ostensibly prevailed and eventually returned to employment with defendant and, upon hearing from a coworker about Brandt's statements, plaintiff, and his wife derivately, commenced this action alleging defamation per se. The jury found for plaintiff and awarded him $250,000 in damages. Defendant moved to set aside the verdict or, alternatively, to reduce the award. Supreme Court denied the motion and defendant now appeals.

We turn first to defendant's contention that Brandt's statement was not defamatory per se. While the general rule provides that a defamatory statement is not actionable absent a showing of special damages (*see Liberman v Gelstein*, 80 NY2d 429, 434 [1992]; *Yammine v DeVita*, 43 AD3d 520, 521 [2007]), one of the recognized exceptions to such rule is when the statement "imputes incompetence, incapacity or unfitness in the performance of one's profession" or trade (*Clemente v Impastato*, 274 AD2d 771, 773 [2000]; *see Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076 [1997]; *Nichols v Item Publs.*, 309 NY 596, 600-601 [1956]). The alleged defamatory words should be considered "in the context of the entire statement or publication as a whole, tested against the understanding of the average [listener]" (*Aronson v Wiersma*, 65 NY2d 592, 594 [1985]; *Vacca v General Elec. Credit Corp.*, 88 AD2d 740, 740 [1982]). Plaintiff was a customer service representative who spent considerable time visiting and interacting with the public. A person who engaged in the conduct described by Brandt would not be qualified to continue in such a position. Brandt's statement asserted grossly improper conduct by plaintiff, the existence of proof of such conduct, and that plaintiff was fired because of that conduct. Under the circumstances, we find no error in Supreme Court's determination that the statement could be considered defamatory per se (*see Afftrex, Ltd. v General Elec. Co.*, 161 AD2d 855, 856 [1990]; *see also Chiavarelli v Williams*, 256 AD2d 111, 113 [1998]).

Nor are we persuaded that the single instance rule bars plaintiffs' claim. "The 'single instance' rule applies where a publication charges a professional person with a single error in judgment" (*Armstrong v Simon & Schuster*, 85 NY2d 373, 379 n 5 [1995]; *see November v Time Inc.*, 13 NY2d 175, 178 [1963]).

It does not extend to defamation actions where the alleged single act "shows a lack of character or a total disregard of . . . ethics" (*Mason v Sullivan*, 26 AD2d 115, 117 [1966]; *see Rutman v Giedel*, 67 AD2d 662 [1979]). The conduct attributed by Brandt to plaintiff reveals such an absence of character or ethics as to fall beyond the parameters of the single instance rule.

We do, however, find merit in defendant's contention that the award of damages should be reduced. While we accord deference to a jury's determination of damages, an award may be modified when, upon an examination of comparable cases, the award deviates materially from what is considered reasonable compensation (*see Kithcart v Mason*, 51 AD3d 1162, 1164 [2008]). The amount awarded here exceeds an amount we recently upheld for each of the plaintiffs in *Yammine v DeVita* (43 AD3d at 521-523)—a case involving individuals who were subjected to far more widespread and potentially damaging defamatory statements—and is nearly the same as the total of the compensatory and punitive damages in another egregious recent case involving "heinous allegations leveled against [the plaintiff]" (*Dobies v Brefka*, 45 AD3d 999, 1000 [2007]). We have previously reduced awards and upheld the trial court's reduction of damages in defamation actions (*see e.g. Sweeney v Prisoners' Legal Servs. of N.Y.*, 197 AD2d 189, 194 [1994], *revd on other grounds* 84 NY2d 786 [1995]; *Rossignol v Silvernail*, 185 AD2d 497, 499-500 [1992], *lv denied* 80 NY2d 760 [1992]; *Parkin v Cornell Univ.*, 182 AD2d 850, 852 [1992], *lv dismissed* 80 NY2d 914 [1992]). Here, there is no evidence that the statement was widely disseminated (it appears to have been heard by a very small number of people and perhaps only one person), and there was little proof of the impact of the statement on plaintiff. The statement did not cause him to lose his job since it was made after he had been fired and, in any event, he has since returned to employment with defendant. Considering the facts and circumstances of this case, we find that the award materially deviates from reasonable compensation and that the award should be reduced to $50,000.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as denied defendant's motion to reduce the award of damages; new trial ordered on the issue of damages unless, within 20 days after service of a copy of the order herein, plaintiffs stipulate to reduce the award of damages to $50,000, in which event a judgment to that effect shall be entered; and, as so modified, affirmed.