■ TOWN OF BETHEL et al., Respondents, v ROY HOWARD, Individually and Doing Business as YASGUR ROAD PRODUCTIONS, Appellant. [944 NYS2d 390]—

Malone Jr., J. Appeal from an order of the Supreme Court (Cahill, J.), entered October 13, 2011 in Sullivan County, which denied defendant's motion for, among other things, a declaration that he was not in violation of a prior consent order.

Defendant and his wife, Jeryl Abramson, for many years have had a contentious and litigious relationship with plaintiff Town of Bethel regarding their use of their parcels of property within

the Town on which they allegedly frequently conducted entertainment events, such as concerts, without first obtaining the necessary permits from the Town.* As is relevant here, in 2007, the Town, defendant and Abramson entered an order on consent that required defendant and Abramson to obtain a special use permit from the Town Planning Board before promoting or conducting any "recreation amusement or recreation" events on their property, including a "concert [or] gathering," and set forth a monetary penalty that would be imposed if they violated the order.

In May 2011, the Town sent notice to defendant and Abramson that they were in violation of the order and demanded payment of the penalty. Defendant then moved for an order declaring that he and Abramson were not in violation of the order and prohibiting the Town from collecting a penalty. After considering the parties' respective submissions and hearing oral argument, Supreme Court denied the motion and defendant appeals.

The record reflects that, in May 2011, a three-day concert was to be held at the Bethel Woods Performing Arts Center and, in anticipation of the large crowds expected to descend upon the Town, the Town offered temporary camping permits to its residents, which would allow them to have a limited number of campsites on their property for the weekend event. Defendant and Abramson obtained five such permits. Thereafter, Abramson began to actively advertise on the Internet that she had organized a three-day recreational and/or amusement event on their property to coincide with the concert at Bethel Woods. Specifically, Abramson advertised that their property could host up to 5,000 people and that they had secured food and merchandise vendors and hired more than 20 bands to play on a stage. We cannot agree with defendant that these advertised activities either constitute "camping" as allowed by the temporary camping permits issued by the Town or are merely activities incidental to camping. Rather, the actions of defendant and Abramson fall squarely within the actions contemplated and prohibited by the consent order—they advertised, promoted and sold tickets for a large-scale entertainment and/or amusement event for many thousands of people. Because defendant and

---

* Defendant and Abramson own five parcels, totaling 100 acres, which were once part of Yasgur's Farm, which was the site of the original Woodstock musical festival in 1969. The main stage area of the Woodstock festival was apparently held on a part of Yasgur's Farm on which now stands the Bethel Woods Performing Arts Center, which is not owned by defendant and Abramson.

Abramson did not seek a special use permit, as required by the consent order, Supreme Court properly determined that they had violated the order and were required to pay a penalty to the Town.

Defendant's remaining contentions do not require extended discussion. Inasmuch as hearsay admissions against interest made by a party are admissible against that party in civil actions (*see Matter of Giles v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.*, 199 AD2d 613, 614 [1993]), the exhibits contained in the Town's opposition to the order to show cause—various Internet postings by Abramson advertising and promoting the event—constituted sufficient admissible evidence to establish that defendant and Abramson had violated the consent order. In addition, Supreme Court did not err by denying the motion without conducting a formal hearing because, based on the record before it, no material issues of fact existed (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Their self-serving general denials of wrongdoing, unsupported by any evidence, were insufficient to demonstrate the existence of issues of fact necessitating a hearing (*see e.g. Brown Bark I, L.P. v Imperial Dev. & Constr. Corp.*, 65 AD3d 510, 511-512 [2009]; *Matter of Howard v Cahill*, 290 AD2d 712, 714-715 [2002]; *Wit's End Giftique v Ianniello*, 277 AD2d 684, 686 [2000]). Finally, we have considered defendant's contention regarding the affidavit of the Town's attorney and find it to be without merit.

Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.