Rose, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered December 8, 2011 in Ulster County, which, among other things, denied defendants’ motion for summary judgment dismissing the complaint.
*1316 Plaintiff, an attorney, commenced this defamation action alleging that defendant Hector L. Mejias Jr., an employee of defendant Ulster County Society for the Prevention of Cruelty to Animals (hereinafter the SPCA), falsely accused him of misrepresenting himself as the Ulster County District Attorney. Mejias made the accusation in a sworn deposition after an incident at the SPCA during which plaintiff attempted to secure the release of a dog owned by his client, Jody Fabrikant. Plaintiff also alleged that Mejias reduced the accusation to a sworn deposition at the direction of defendants Christine French and William DeRidder, both of whom were employees of the SPCA and Mejias’s superiors. Following joinder of issue, defendants moved for summary judgment seeking to dismiss the complaint and plaintiff cross-moved for partial summary judgment with respect to the liability of Mejias and the SPCA. Supreme Court denied defendants’ motion for summary judgment and reserved judgment on plaintiffs cross motion.
Defendants appeal, arguing first that Supreme Court erred in determining that Mejias’s supporting deposition constitutes libel per se and, therefore, plaintiff’s failure to plead special damages was fatal to his libel claim. We disagree. Where, as here, plaintiff does not allege special damages, liability for defamation will not be imposed unless the statements underlying the action “fall within an exception in which damages are presumed” (Kowalczyk v McCullough, 55 AD3d 1208, 1210 [2008]; see Liberman v Gelstein, 80 NY2d 429, 435 [1992]). As relevant here, plaintiff relies on the exception for defamatory statements that tend to injure a plaintiff in his or her trade, business or profession (see Liberman v Gelstein, 80 NY2d at 435; Kleeberg v Sipser, 265 NY 87, 91-92 [1934]; Kowalczyk v McCullough, 55 AD3d at 1210).* For this exception to apply, the statement must do more than reflect upon plaintiffs general character or qualities. Rather, it must impugn plaintiffs professional ability or suggest unprofessional conduct on his part (see Golub v Enquirer/Star Group, 89 NY2d 1074, 1076 [1997]; Coe v Town of Conklin, 94 AD3d 1197, 1200 [2012]; Gentile v Grand St. Med. Assoc., 79 AD3d 1351, 1354 [2010]). As an exception to this per se category of defamation, the “single instance rule” applies when the publication at issue charges a professional with a single error in judgment, “which the law presumes not to injure reputation” (Armstrong v Simon & Schuster, 85 NY2d *1317 373, 379 n 5 [1995]). The single instance rule will not be applied, however, where the act alleged, by itself, demonstrates a lack of character or total disregard for professional ethics (see November v Time Inc., 13 NY2d 175, 178 [1963]; Allen v CH Energy Group, Inc., 58 AD3d 1102, 1104 [2009]; see also Mason v Sullivan, 26 AD2d 115, 117 [1966]).
In his supporting deposition, Mejias averred that plaintiff arrived at the SPCA after business hours and, in an effort to retrieve a rottweiler that had been confiscated from Fabrikant in the course of an animal cruelty investigation, stated, “I am Don Williams, the District Attorney.” In our view, an allegation that an attorney impersonated a district attorney certainly suggests unprofessional conduct and imputes unfitness in the performance of the legal profession (see Clemente v Impastato, 274 AD2d 771, 773 [2000]). An allegation of such conduct by an attorney would be taken very seriously, likely inviting disciplinary action and, when “tested against the understanding of the average [listener],” it may be presumed to result in damage to plaintiffs professional reputation (Allen v CH Energy Group, Inc., 58 AD3d at 1103 [internal quotation marks and citation omitted]; see Kleeberg v Sipser, 265 NY at 91-92). Indeed, such an impersonation would no doubt demonstrate a total disregard for plaintiffs professional ethical obligations (see November v Time Inc., 13 NY2d at 178; Allen v CH Energy Group, Inc., 58 AD3d at 1104; see also Mason v Sullivan, 26 AD2d at 117). Accordingly, we find that the act alleged is sufficiently egregious under the circumstances that Supreme Court correctly determined that the single instance rule does not apply. Based on the foregoing, we agree with Supreme Court that Mejias’s statement, as published in the supporting deposition, constitutes libel per se.
We also agree that Supreme Court properly considered the audio tapes and transcripts introduced by plaintiff. In opposing defendants’ motion, plaintiff submitted the audio recording and transcript of the 911 call placed by Mejias just after the incident, as well as the audio recording and transcript of a conversation between Mejias and Fabrikant at her home, which Fabrikant had recorded. Because “hearsay admissions against interest made by a party are admissible against that party in civil actions” (Town of Bethel v Howard, 95 AD3d 1489, 1491 [2012]; see Matter of Giles v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs., 199 AD2d 613, 614 [1993]), and here the statements at issue are those of Mejias, who is a party to this action, such statements constitute competent admissible evidence upon which Supreme Court properly relied.
Given that defendants’ communications with the District At-
*1318 torney were entitled to a qualified privilege, they were required to demonstrate, by competent admissible evidence, the absence of malice in order to meet their burden as the proponents of a motion for summary judgment (see Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007]; Dickson v Slezak, 73 AD3d 1249, 1251 [2010]). Defendants relied on evidence of certain ongoing criminal actions alleging animal abuse against Fabrikant in order to show that those charges were based on probable cause, rather than upon malice. As Supreme Court properly recognized, however, whether the charges against Fabrikant were grounded in malicie is wholly irrelevant to the issue of whether Mejias’s defamatory statements to the District Attorney’s office regarding plaintiff were made out of malice. Accordingly, defendants failed to satisfy their burden of demonstrating the absence of malice. Defendants’ remaining arguments have been considered and found to be without merit.
Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 We note that plaintiffs brief does not rely on the exception for defamatory statements charging a person with a serious crime. Accordingly, we need not consider defendants’ arguments that they did not accuse plaintiff of the elements of the crime of criminal impersonation.