*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                  518857
_____

In the Matter of JOHN BARRA,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

COUNTY OF TOMPKINS et al.,
                    Respondents.
_____


Calendar Date:   January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                    _____


        Law Office of Richard P. Urda, Ithaca (Richard P. Urda of
counsel), for appellant.

        Jonathan Wood, County Attorney, Ithaca, for respondents.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered July 9, 2013 in Tompkins County, which denied
petitioner's application pursuant to General Municipal Law § 50-e
(5) for leave to file a late notice of claim.

        Petitioner contends that respondent Tompkins County Budget
and Finance Department improperly determined that he could not
participate in a June 2012 public tax auction because he had
issued a bad check at a prior auction.  In October 2012,
petitioner sought leave to file a late notice of claim.  By his
notice of claim, petitioner alleged that he suffered damages
because he had sufficient funds to submit successful bids on four
properties sold at the June 2012 auction and as a result of the
"libelous and slanderous false allegation" that he had issued a
bad check.  Supreme Court denied petitioner's application and

this appeal ensued.

Whether to grant an application for leave to file a late notice of claim is a discretionary determination for Supreme Court, so long as the application is made prior to the expiration of the applicable statute of limitations (see Babcock v Walton Cent. Sch. Dist., 119 AD3d 1061, 1062 [2014]). The determination must be made after consideration of certain statutory factors, including, as relevant here, whether the prospective defendant had knowledge of the facts constituting the claim (see General Municipal Law § 50-e [5]). However, leave should not be granted for a "patently meritless claim" (Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]; see Matter of Place v Beekmantown Cent. School Dist., 69 AD3d 1035, 1036 [2010]).

Here, Supreme Court determined that respondents had knowledge of the facts constituting the claim, but his claim was patently meritless because there was no way that petitioner could claim that he was damaged as a result of respondents' conduct. We agree with Supreme Court that to the extent that petitioner claims he would have submitted successful bids on four properties, his claims are patently meritless. A party cannot maintain a claim where damages "cannot be reasonably traced to the event and are not independent of other causes" (Ilic v Rochester Gas & Elec. Corp., 262 AD2d 1019, 1019 [1999] [internal quotation marks and citation omitted]; see Kaufman v Medical Liab. Mut. Ins. Co., 121 AD3d 1459, 1461 [2014]). Here, as the court noted, as there was no way to conclude that petitioner's bids would have been successful at the auction, there was no way for him to prove damages based on any lost opportunity to own certain property.

Petitioner also asserted a claim sounding in slander and libel. Generally, a defamation is not actionable without a showing of special damages, which "contemplate the loss of something having economic or pecuniary value" (Liberman v Gelstein, 80 NY2d 429, 434-435 [1992] [internal quotation marks and citation omitted]). An exception to this general rule may exist where the "statement imputes incompetence, incapacity or unfitness in the performance of one's profession or trade" (Allen v CH Energy Group, Inc., 58 AD3d 1102, 1103 [2009] [internal

quotation marks and citation omitted]).  Pursuant to the single instance rule, however, one statement is not actionable unless "the act alleged, by itself, demonstrates a lack of character or total disregard for professional ethics" (Schindler v Mejias, 100 AD3d 1315, 1317 [2012]; see Allen v CH Energy Group, Inc., 58 AD3d at 1103-1104).  Here, Supreme Court did not address petitioner's defamation claims.  In our view, while petitioner's claims may not survive a motion to dismiss pursuant to CPLR 3211, in the context of this application and on this limited record, we are unable to conclude that his claim for injury to his business or reputation is patently meritless (see Miller v County of Sullivan, 36 AD3d 994, 996-997 [2007]).

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's application for permission to file a late notice of claim for defamation; application granted to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court