*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                519549
_____

JOHN C. McPHILLIPS,

                    Appellant,

          v                             MEMORANDUM AND ORDER

STATE OF NEW YORK,

                    Respondent.
_____

Calendar Date:  April 21, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Rose, JJ.

_____


     Oliver Law Office, Albany (Lewis B. Oliver Jr. of counsel),
for appellant.

     Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondent.

_____


Garry, J.

     Appeal from an order of the Court of Claims (DeBow, J.),
entered January 22, 2014, which, among other things, denied
claimant's motion to amend the claim.

     In August 2009, claimant, a physician working for the
Department of Corrections and Community Supervision, treated an
inmate who, while under claimant's care and in the Department's
custody, died of heatstroke in the course of a run required as a
part of his participation in the shock incarceration program.  An
investigation into the cause of the inmate's death was commenced
by the Commission of Correction Medical Review Board.  The
reported findings included a recommendation that administrative
action be taken against claimant for his refusal to provide a
refill of Albuterol Metered Dose Inhaler to the inmate, who had a

history of asthma.

In August 2010, the inmate's estate commenced an action against various state actors alleging, among other things, medical malpractice (hereinafter referred to as the malpractice litigation). In November 2010, claimant, not yet a named defendant in the malpractice litigation, sent a letter to an Assistant Attorney General (hereinafter the AAG) acting as counsel for the defendants in the malpractice litigation, denying his responsibility for the inmate's death and explaining his response to the Medical Review Board's report. Claimant also provided a copy of this letter to the Commission of Correction and others. A memorandum responding to the contentions in claimant's correspondence was then prepared by an individual apparently employed within the Commission of Correction, and was sent to the Commissioner of the Medical Review Board (hereinafter the Commissioner). This memorandum controverted claimant's assertion that the inmate hid inhaler overuse in markedly strong language, stating that this was "pure nonsense and demonstrates biases against the incarcerated," and, further, that claimant's allegation "that [the inmate] was abusing Albuterol as an illicit drug substitute is completely crazy and to my knowledge there are no drug treatment programs for Albuterol use."

At some point after the malpractice litigation had commenced, the AAG sent this memorandum to opposing counsel in that action, who, in turn, forwarded it to the Daily News. The Daily News then ran a story mentioning claimant by name and disclosing the contents of the memorandum. After reading the Daily News article, but not knowing who had made the underlying statements, claimant initially filed a notice of claim against defendant. Thereafter, claimant filed this notice of claim against defendant and the Commissioner, alleging that the Commissioner had disclosed information about the treatment that claimant had provided to the inmate to the Daily News reporter.[1] Upon subsequently discovering that the source of the published statements was in fact not the Commissioner, claimant then moved

---

[1] The claim against the Commissioner was ultimately dismissed.

to amend his claim to reflect the theory that the memorandum contained statements that amounted to libel per se, and that the AAG's disclosure of it to opposing counsel in the malpractice litigation was a libelous act, under a republication theory. The Court of Claims denied claimant's motion on the ground that the proposed amendment is nonmeritorious, as barred by the absolute immunity accorded counsel in judicial proceedings. Claimant appeals.

We affirm. Statements made by parties and their counsel in the context of a legal action or proceeding are protected by an absolute privilege so long as, "by any view or under any circumstances, they are pertinent to the litigation" (Grasso v Mathew, 164 AD2d 476, 479 [1991], lv dismissed 77 NY2d 940 [1991], lv denied 78 NY2d 855 [1991]; see Adamski v Romano-Schulman, 56 AD3d 1078, 1079 [2008]). Allowing such statements or writings to form the basis of an action for defamation "would be an impediment to justice, because it would hamper the search for truth and prevent making inquiries with that freedom and boldness which the welfare of society requires" (Youmans v Smith, 153 NY 214, 220 [1897]; see Allan & Allan Arts v Rosenblum, 201 AD2d 136, 138-139 [1994], lv denied 85 NY2d 921 [1995], cert denied 516 US 914 [1995]). A liberal standard guides the inquiry of what is pertinent (see Lesser v International Trust Co., 175 App Div 12, 16 [1916]), and encompasses "any statement that may possibly or plausibly be relevant or pertinent, with the barest rationality" (Joseph v Larry Dorman, P.C., 177 AD2d 618, 619 [1991]; see Black v Green Harbour Homeowners' Assn., Inc., 19 AD3d 962, 963 [2005]). Moreover, the burden rests with claimant "to conclusively, and as a matter of law, establish the impertinency and the irrelevance of the statement" (Grasso v Mathew, 164 AD2d at 479).

Here, claimant asserts that the memorandum was prepared by a nonparticipant to the litigation which removes it from the protection of the absolute privilege; however, this contention ignores that claimant's action is grounded in the republication of the alleged defamatory statement by the AAG, whose statements are afforded the protection (cf. Park Knoll Assoc. v Schmidt, 59 NY2d 205, 209 [1983]). It is evident that the AAG turned over the memorandum after the malpractice litigation had been

commenced in federal court (see Front, Inc. v Khalil, 24 NY3d 713, 718-720 [2015]) and, further, the statements in the memorandum were clearly pertinent to the malpractice litigation, as they concerned allegations that were relevant to the treatment of the inmate (see Hadar v Pierce, 111 AD3d 439, 439 [2013], lv denied 23 NY3d 904 [2014]; Lacher v Engel, 33 AD3d 10, 15 [2006]; Star v Simonelli, 76 AD2d 861, 861-862 [1980]).  Accordingly, the AAG's disclosure of the document is shielded by absolute privilege (see Rabiea v Stein, 69 AD3d 700, 700-701 [2010]; Cavallaro v Pozzi, 28 AD3d 1075, 1077 [2006]), and claimant's motion to amend the claim was properly denied as the proposed cause of action had no merit (see Trupia v Lake George Cent. School Dist., 62 AD3d 67, 68 [2009], affd 14 NY3d 392 [2010]).  In light of this determination, claimant's remaining contentions are rendered academic.

Lahtinen, J.P., McCarthy and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court