14-4652-cv
Abramson v. Gettel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fifteen.

PRESENT: JON O. NEWMAN,
         DENNIS JACOBS,
         REENA RAGGI,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
JERYL ABRAMSON, YASGUR ROAD
PRODUCTIONS, LLC,
        Plaintiffs-Appellants,

        -v.-                                14-4652-cv

BETTE JEAN GETTEL, GREGG SEMENETZ,
DANIEL STURM, TOWN OF BETHEL,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:            RUSSELL A. SCHINDLER, Kingston, New York.

FOR APPELLEES:             NICHOLAS ANTHONY PASCALE, Drake Loeb, PLLC, New Windsor, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jeryl Abramson and Yasgur Road Productions, LLC (jointly, "Appellants") appeal from the judgment of the United States District Court for the Southern District of New York (Román, <u>J.</u>), dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), their claim against the Town of Bethel, New York, and several Town officials (together, the "Town"). Appellants challenge a fine that the Town issued for using this property to host a music concert without first obtaining a permit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 1971, Abramson and Roy Howard, her former spouse, purchased a portion of Yasgur Farm, which was the site of the historic Woodstock music festival. Since purchasing the property, Abramson has hosted a series of Woodstock reunion concerts without first obtaining the necessary permits from the Town, see <u>Town of Bethel v. Howard</u>, 944 N.Y.S.2d 390, 391 (App. Div. 2012), and continued doing so even after a 1997 injunction. In 2007, the Town and Abramson entered into a consent order that bound the parties to the terms of the 1997 injunction. The consent order required Abramson to seek and receive a special use permit before hosting any Woodstock-themed event on the property, and provided for liquidated damages of $25,000 for failure to comply. In 2011, Abramson advertised an event without first obtaining a special use permit, and the Town responded by assessing a $25,000 fine in accordance with the terms of the consent order.

G&B Real Property LLC ("G&B") also owns property in the Town and hosts similar Woodstock reunion events despite being zoned in a strictly commercial district. G&B hosted a concert in 2011 and the Town issued G&B "camping violations" for this event but did not otherwise prosecute G&B or pursue civil enforcement. G&B hosted similar events the following two years, but the Town took no action against G&B. Abramson alleges that G&B has received more favorable treatment from the Town than has Yasgur Farm, and that

2

Abramson suffered economic and reputational injury from this disparate treatment.

We review <u>de novo</u> a district court's dismissal of a complaint pursuant to Rule 12(b)(6).  <u>Wilson v. Dantas</u>, 746 F.3d 530, 535 (2d Cir. 2014).  A complaint must include "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Abramson brings a "class of one" equal protection claim, which requires a plaintiff to allege that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  <u>Analytical Diagnostic Labs, Inc. v. Kusel</u>, 626 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted).  The plaintiff must identify at least one comparator with whom it shares "an extremely high degree of similarity" sufficient to "provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose -- whether personal or otherwise -- is all but certain."  <u>Clubside, Inc. v. Valentin</u>, 468 F.3d 144, 159 (2d Cir. 2006) (internal quotation marks omitted).

Abramson has not plausibly alleged that "properties sufficiently similar to [hers] were treated more favorably" by the Town.  <u>Ruston v. Town Bd. for Skaneateles</u>, 610 F.3d 55, 60 (2d. Cir. 2010).  The chief distinction between Yasgur Farm and the comparator G&B property is Abramson's consent order.  G&B is not subject to an agreement similar to the consent order and may seek a variance from its zoning restrictions at any time.  The disparate treatment is a result of Abramson's own actions and willingness to enter into the 2007 consent order.

Additionally, Yasgur Farm and G&B's property are governed by different zoning regulations.  Yasgur Farm is in an agricultural district that requires a *special use permit* for any "open-air concert venues."  (Compl. ¶ 24; <u>see</u> <u>id.</u> ¶ 17.)  G&B operates within the "G-17B Gateway Commercial District" (<u>id.</u> ¶ 22), which may bar recreational activity in the first instance, but G&B may seek a *variance* to lawfully host an event at any time.  G&B is therefore not subject to the same restrictions as Yasgur Farm.  While Yasgur Farm

3

must seek prior approval through a special use permit, G&B need not, as it is subject to different requirements.

For the foregoing reasons, and finding no merit in Abramson's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK