*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 12, 2015            520372
_____

JOHN C. McPHILLIPS,
                    Appellant,

            v                               MEMORANDUM AND ORDER

WESLEY E. BAUMAN,
                    Respondent.
_____

Calendar Date:  September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Lewis B. Oliver Jr., Albany, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

                    _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Lynch, J.), entered April 4, 2014 in Albany County, which granted defendant's motion to dismiss the complaint.

        Plaintiff, a physician employed by the Department of Corrections and Community Supervision, commenced this action alleging legal malpractice by defendant, an Assistant Attorney General assigned to represent plaintiff and others in a federal lawsuit brought by the estate of an inmate who died while incarcerated.  Many of the underlying facts are set forth in our recent decision involving plaintiff's Court of Claims action arising from the same incident (McPhillips v State of New York, 129 AD3d 1360 [2015], lv dismissed 26 NY3d 976 [2015]).  After an inmate died in a shock incarceration program, a report by the Commission of Correction Medical Review Board was critical of

plaintiff, who wrote a letter disputing the report which, in turn, prompted a November 2010 strongly worded memorandum unfavorable to plaintiff written by a Commission employee. In the early stages of the federal lawsuit by the inmate's estate, defendant provided the November 2010 memorandum to opposing counsel, who forwarded it to a newspaper, resulting in a story in April 2011 that quoted some of the unfavorable language about plaintiff contained in the memorandum.

Within days, plaintiff was added as a named defendant in the federal action. Although he initially requested that the Attorney General represent him pursuant to Public Officers Law § 17, he soon urged that the state should pay for private counsel for him because the Attorney General had a conflict in that he was also representing the defendant correction officers who allegedly caused or contributed to the inmate's death through their separate culpable conduct. Shortly thereafter and while his request for private counsel was under review, and prior to the commencement of discovery in the federal action, the Attorney General requested that plaintiff allow his office to represent him in settlement negotiations to resolve the federal action in full without imposing any liability or costs on him. Plaintiff did not consent but, instead, approximately 3½ months later, commenced a CPLR article 78 proceeding to compel the state to provide him with private counsel. About seven weeks later and before a decision was made on plaintiff's application for private counsel, the federal lawsuit was dismissed with prejudice as to plaintiff and settled with regard to the remaining defendants.

This action followed in July 2013 with plaintiff alleging three bases for malpractice: defendant ignored a conflict of interest; defendant neglected to keep the 2010 memorandum confidential or seek redaction of the strongly worded unfavorable parts thereof; and defendant failed to inform plaintiff in a timely fashion of the existence of the 2010 memorandum (which he asserts he did not know about until 2013) so that he could have pursued a defamation action. He sought damages for injury to his professional reputation and mental anguish. Defendant moved to dismiss the complaint. Supreme Court granted the motion and this appeal ensued.

We affirm.  Elements of a cause of action for legal malpractice include the existence of an attorney-client relationship (see Arnold v Devane, 123 AD3d 1202, 1203 [2014]), that "the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Dombrowski v Bulson, 19 NY3d 347, 350 [2012] [internal quotation marks and citations omitted]; see Hyman v Burgess, 125 AD3d 1213, 1215 [2015]).  It is undisputed that the federal action against plaintiff was dismissed with no admission of wrongdoing by him, as well as no monetary payment or liability by plaintiff.  Although his treatment of inmates with asthma is purportedly now more closely monitored, there is no allegation that plaintiff lost his state job or suffered any economic harm in his employment.  Plaintiff's complaint did not allege pecuniary damages and "'the established rule limit[s] recovery in legal malpractice actions to pecuniary damages'" (Kaufman v Medical Liab. Mut. Ins. Co., 121 AD3d 1459, 1460 [2014], lv denied 25 NY3d 906 [2015], quoting Dombrowski v Bulson, 19 NY3d at 352).

Even if there was a conflict of interest constituting an ethical violation as alleged by plaintiff, such a violation would not give rise to a viable legal malpractice claim absent pecuniary damages (see Guiles v Simser, 35 AD3d 1054, 1055-1056 [2006]).  The absence of such damages is also fatal to the alleged disclosure error and, moreover, we recently held that the disclosed memorandum was "clearly pertinent" to the pending federal action and defendant's disclosure thereof was "shielded by absolute privilege" (McPhillips v State of New York, 129 AD3d at 1362).  Plaintiff urges that he does not need to allege pecuniary damages regarding defendant's failure to advise of a potential defamation action because that potential action involved statements that tended to impugn his professional ability (see Schindler v Mejias, 100 AD3d 1315, 1316 [2012]).  However, we need not directly address that issue because we agree with Supreme Court that, under the circumstances of this case, defendant did not have a duty in his representation pursuant to Public Officers Law § 17 to advise plaintiff of a potential separate private action involving nonparties (see Matter of

O'Brien v Spitzer, 7 NY3d 239, 243 [2006] ["The purpose of Public Officers Law § 17 is, in essence, to provide insurance against litigation"]; Frontier Ins. Co. v State of New York, 87 NY2d 864, 867 [1995]).  The remaining issues are either academic or unavailing.

    Egan Jr., Devine and Clark, JJ., concur.


    ORDERED that the order is affirmed, without costs.




                    ENTER:

                    *Robert D Mayberger*

                    Robert D. Mayberger
                    Clerk of the Court