Matter of Browne v New York City Dept. of Educ. (2020 NY Slip Op 02893)





Matter of Browne v New York City Dept. of Educ.


2020 NY Slip Op 02893


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11531N 656133/17

[*1] In re Shawn Browne, Petitioner-Respondent,
v
New York City Department of Education, Respondent-Appellant.


James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for appellant.
Gulko Schwed LLP, Cedarhurst (Yitzchok Kotkes of counsel), for respondent.



Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered December 5, 2018, in this proceeding brought pursuant to Education Law § 3020-a and CPLR article 75, to the extent appealed from as limited by the briefs, vacating the arbitration award's penalty dismissing petitioner from employment as a classroom teacher, and remanding the matter for a new penalty determination before another hearing officer, unanimously reversed, on the law, without costs, and the penalty reinstated.
Contrary to Supreme Court's finding, the penalty of termination of petitioner's employment was not so disproportionate to his offense as to shock one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). Petitioner does not contest that he punched a student twice in the head or face while physically removing him from the classroom. The removal was otherwise found to be justified. The record demonstrates that the hearing officer considered all the circumstances, including the fast-developing situation necessitating the student's removal, and generally credited petitioner's testimony (compare Matter of Principe v New York City Dept. of Educ., 94 AD3d 431, 432-433 [1st Dept 2012] ["the Hearing Officer had an apparent bias against petitioner when he discredited petitioner's entire testimony," and, by doing so, failed to consider all the circumstances], affd 20 NY3d 963 [2012]). Whether or not the hearing officer erred in finding that petitioner's denial of having thrown punches precluded a finding of remorse, although apparently based on a failure of memory (see id. at 434), the record showing minor injuries to the student, and the separate finding that petitioner's actions put the student at serious risk of harm, supports dismissal based on the use of excessive force
(see e.g. Matter of Ebner v Board of Educ. of E. Williston Union Free School Dist. No. 2, N. Hempstead, 42 NY2d 938 [1977]; Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013 [2d Dept 2009]; Matter of Giles v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs., 199 AD2d 613, 615 [3d Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK