Matter of Cavan v Town of Johnsburg (2025 NY Slip Op 50399(U))

[*1]

Matter of Cavan v Town of Johnsburg

2025 NY Slip Op 50399(U)

Decided on March 27, 2025

Supreme Court, Warren County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 27, 2025
Supreme Court, Warren County

Application of John Cavan, Petitioner,

against
Town of Johnsburg, Respondent.

Index No. EF2024-73246

Bartlett, Pontiff, Stewart, & Rhodes, P.C., Glens Falls (John D. Wright of counsel) for petitioner.
FitzGerald Morris Baker Firth, P.C., Glens Falls (John D. Aspland, Jr.) for respondent.

Robert J. Muller, J.

On October 29, 2024 petitioner, by Order to Show Cause, moved for permission to file a late claim against respondent Town of Johnsburg (hereinafter the Town). Simultaneous with the filing of the Order to Show Cause, petitioner filed a Late Notice of Claim and Notice of Intention to Commence an Action Thereon, Verified Petition, and Attorney's Affirmation in Support of Late Notice to File Claim with Exhibits 1 and 2. The Town opposes the relief requested as untimely.
It is alleged the claim in question arose on July, 29, 2023 when petitioner went to the Town of Johnsburg Recycling Center/Transfer Station, located at 88 Ski Bowl Road, to dispose of some debris. The disposal container is described as "accessible via an asphalt landing level with a metal top . . . [t]he floor of the container was roughly eight feet below the top, and there were no railings or warning signs around the edge." (NYSCEF Doc. No. 2, ¶4) Petitioner asserts the ground around the disposal container was slippery from rain, he lost his footing and fell from the asphalt into the disposal container nearly eight feet below, fracturing his femur. (NYSCEF Doc. No. 5, ¶3) Johnsburg Emergency Medical Services were dispatched to the scene and petitioner was treated at the Glens Falls Hospital for his injuries. (NYSCEF Doc. No. 13, ¶3) 
The Town Supervisor was notified of the incident that day and an investigation was commenced.
The Town opposes the relief requested pursuant to NY General Municipal Law §50-e(1) which requires that claimants must submit a Notice of Claim within 90 days of the incident when maintaining a cause of action for personal injury against a municipality. While the Town recognizes the Court's discretion to extend this time (NY Gen. Mun. Law §50-e[5]), it contends such extension must not exceed the statute of limitations period of one year and ninety days. (Gen. Mun. Law §§50-e and 50-i; CPLR§ 217-a) 
Pursuant to NY Gen Mun. Law §§50-e(1)(a) and 50-i(1)(c) plaintiff must: (1) file a notice of claim within 90 days after the claim arises, and (2) commence the action within one year and 90 days after the incident giving rise to the claim. (see General Municipal Law § 50-e [*2][1] [a]) and 50-i(1)(c); Pierson v New York, 56 NY2d 950, 954 [1982]). While Supreme Court, is vested with broad discretion in considering an application for leave to file a late notice of claim, the application must be made within the applicable statute of limitations (see General Municipal Law § 50-e[5]; Matter of Barra v County of Tompkins, 125 AD3d 1237, 1237, 4 N.Y.S.3d 656 [3d Dept 2015]). 
It is not disputed the incident occurred on July 29, 2023 and petitioner acknowledges that the 90-day time period for filing a Notice of Claim has expired.[FN1]
Petitioner sets forth several relevant factors which the Court would consider in determining whether an extension of time is warranted, however, before the Court can consider whether a late notice of claim is appropriate, it must first determine whether the petitioner's action is time barred. The Court has determined it is.
Petitioner's Order to Show Cause seeking permission to file a late Notice of Claim, a condition precedent to the commencement of the action, was filed on October 29, 2024, one year and ninety-two days after the action arose. While petitioner argues the application was made "a year and three months" from the date of injury, this is not what the statue permits. NY Gen. Mun. Law § Law 50-e(5) allows for an application for leave to file a late notice of claim, but an "extension shall not exceed the time limited to the commencement of the action" and 50-i(1)(c) requires, "the action or special proceeding [to] be commenced within one year and ninety days after the happening of the event upon which the claim is based".
Indeed, "[A]n application for an extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled, since to allow a court to grant an extension which exceeded the Statute of Limitations would render meaningless that portion of section 50-e which expressly prohibits a court from doing so."[FN2]
(Pierson v. New York 56 NY2d 950, 954 [1982]).
Accordingly, NY Gen. Mun. Law §§50-e(5)(a) and 50-(i)(1)(c) and CPLR §217-a bars this Court from granting petitioner leave to serve a late notice of claim where more than one year and ninety days have lapsed since petitioner's claim arose. Having determined petitioner's application is time barred, the parties' remaining contentions have been rendered academic.
Based upon the foregoing analysis and upon review of NYSCEF Doc. Nos. 1 through 5, 9, 13 and 15, it is hereby
ORDERED that petitioner's application for an Order permitting the service of a late Notice of Claim upon respondent is denied; and it is further
ORDERED that any relief not specifically addressed has nonetheless been considered and is hereby expressly denied.
The above constitutes the Decision and Order of this Court.
The original of this Decision and Order has been filed through NYSCEF. Counsel for respondent is hereby directed to promptly obtain a filed copy of the Decision and Order for [*3]service with notice of entry upon the petitioner in accordance with CPLR 5513.
Dated: March 27, 2025
Lake George, New York
ROBERT J. MULLER, J.S.C.
ENTER:

Footnotes

Footnote 1:Petitioner alleges the 90 days expired on or about November 27, 2023 (NYSCEF Doc. No. 2, ¶6), however the Court's calculations indicate 90 days from the date of the incident would be October 27, 2023.

Footnote 2:Plaintiff does not set forth any argument that the statute was tolled between July 29, 2023 and October 29, 2024 when the application was filed.